FILED

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2013 FEB 22 P 2: 33

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

VIRGINIA SAM,                                    )
*on behalf of herself and all similarly*         )
*situated individuals,*                          )
                                                 )
                   Plaintiff,                    )
                                                 )      Civil Action No. _1:13CV249-CMH-TCB_
v.                                               )
                                                 )
GLASSER & GLASSER, PLC,                          )
SERVE: Michael A. Glasser, *Registered Agent*    )
Crown Center                                     )
580 East Main Street, SUITE 600                  )
Norfolk, VA 23510                                )
                                                 )
                   Defendant.                    )
                                                 )

### CLASS COMPLAINT

COME NOW the Plaintiff, Virginia Sam (or "Plaintiff"), by counsel, on behalf of herself and all others similarly situated, and as for her Complaint against the Defendant, she alleges as follows:

1.      This is a class action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. (the Fair Debt Collection Practices Act or "FDCPA"). Glasser & Glasser, PLC regularly and routinely uses the state garnishment process to extract money from consumers that exceeds the amount awarded by the state court in the underlying judgment or that is otherwise permissible by law. These misrepresentations constitute a Class 1 misdemeanor in Virginia and certainly are false, deceptive and unfair debt collection practices prohibited by federal law.   Specifically, the Defendant garnished excessive "garnishment costs" that exceeded the amount awarded in the underlying case or that is

otherwise authorized by Virginia law. A cursory review of an electronic data compilation produced by the Supreme Court of Virginia to Plaintiff's counsel reveals that the Defendant has systemically engaged in this fraudulent practice.  These consumers are readily identifiable and the harm caused by these violations of state and federal law is substantial.

## JURISDICTION

2.      Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

## PARTIES

3.      Plaintiff, Virginia Sam, is a natural person and at all times relevant hereto was "consumer" as defined and governed by the FDCPA.

4.      Defendant Glasser & Glasser, PLC ("Glasser"), is a law firm, the principal purpose of whose businesses is the collection of debts.

5.      Defendant is principally and primarily engaged in such collection work. It is a substantial and primary part of its business. On its public website, Defendant itself claims that its "Collections Department consists of attorneys, legal assistants, and support staff that are extensively trained and have significant experience in retail, commercial, and municipal legal collections, knowledge of controlling federal and state laws, and command of local practice and procedure throughout Virginia."[1]

6.      Defendant's public website further provides "every activity that we perform in the life of a collection account must be oriented toward obtaining and executing on a judgment or on obtaining payment in full, acceptable voluntary payments, or settlement. Through the use of

---

[1] http://www.glasserlaw.com/collections.html (last visited February 20, 2013).

letters, telephone contacts, skip tracing, and legal process, we offer collection agency tactics coupled with the full arsenal of Virginia's judicial remedies for collection."[2]

7.     At all times relevant hereto, Defendant was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

8.     On or around June 7, 2010, FIA Card Services, N.A. ("FIA Card Services") filed a lawsuit against Ms. Sam in Loudoun County Circuit Court.

9.     Defendant represented FIA Card Services in its lawsuit against Ms. Sam.

10.    On or around December 3, 2010, the court entered judgment in favor of FIA Card Services in the amount of $26,751.89, plus $96.00 in judgment costs.

11.    After judgment was entered, Defendant initiated a garnishment action on behalf of FIA Card Services in an attempt to collect the outstanding judgment.

12.    In this garnishment action, Defendant attempted to collect funds that were not awarded by the Court when it issued the underlying judgment, or that were otherwise authorized by Virginia law, including but not limited to $73.50 in "garnishment costs."

13.    At that time, Virginia law only provided for the assessment of garnishment costs against the garnishee, and then only when the garnishee appears to be liable for more than what is delivered and paid, or fails to respond.  Virginia Code §8.01-521.[3]  Therefore, in the absence of an order from the court expressly authorizing the same, the collection or attempted collection of these amounts from a judgment debtor is unlawful.

---

[2] Id.
[3] Virginia law did not authorize the collection of garnishment costs from the judgment debtor until July 1, 2012.

3

14.     Upon information and belief, the Defendant's post-judgment collection actions taken with regard to Virginia consumers generally were part of a pattern and practice of attempting to collect amounts in excess of the underlying court judgment in violation of Virginia law.   Each such instance that the Defendant submitted a falsified garnishment suggestion constituted a criminal offense, a Class 1 misdemeanor as per Virginia Code §8.01-511, and thus also violated the Fair Debt Collection Practices Act.

## CLASS ACTION ALLEGATIONS

15.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class initially defined as follows:

All natural persons who suffered a judgment in a Circuit or General District Court located within the Eastern District of Virginia, and thereafter were the subject of garnishment proceedings filed between February 22, 2012, through June 31, 2012 in which the Defendant attempted to garnish amounts on behalf of a judgment creditor that were not awarded in the underlying judgment, including but not limited to "garnishment costs".

Subclass 1: All natural persons who suffered a judgment in a Circuit or General District Court located within the Eastern District of Virginia, and thereafter were the subject of garnishment proceedings filed between February 22, 2012, through June 31, 2012 in which the Defendant attempted to garnish amounts on behalf of a judgment creditor that were not awarded in the underlying judgment, and for which the consumer ultimately paid more than what was awarded by the court in the underlying judgment. ("the actual damages subclass").

Subclass 2: All natural persons who suffered a judgment in a Circuit or General District Court located within the Eastern District of Virginia, and thereafter were the subject of garnishment proceedings filed between February 22, 2012, through June 31, 2012 in which the Defendant attempted to garnish amounts on behalf of a judgment creditor that were not awarded in the underlying judgment,, and for which the consumer did not ultimately pay an amount in excess of that which was awarded by the Court. ("the statutory damages subclass").

16.     **Numerosity.** **Fed. R. Civ. P 23(a)(1)** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical.  The names and addresses of the class members are identifiable through the internal business records maintained

4

by Defendant, as well as through the public records of the Circuit Courts and General District Courts in the Commonwealth of Virginia, and the class members may be notified of the pendency of this action by published and/or mailed notice.

17.     **Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members.

18.     **Typicality.** FED. R. CIV. P. 23(a)(3) Plaintiff's claims are typical of the claims of each putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class.

19.     **Adequacy of Representation.** FED. R. CIV. P. 23(a)(4) Plaintiff is an adequate representative of the putative class, because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she has and intends to continue to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class.

20.     **Superiority.** FED. R. CIV. P. 23(b)(3) Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive, given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual

litigation, it would be an unnecessary burden on the Courts.   Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct.   By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

21.    **Injunctive Relief Appropriate for the Class.**  FED. R. CIV. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

**COUNT ONE:**
**VIOLATION OF 15 U.S.C. § 1692d(1)**

22.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

23.    Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(1) by its actions, which include, but are not limited to, using criminal means to harm the Plaintiff and the putative class members.

24.    As a result of the actions taken by Defendant, which include, but are not limited to, attempting to garnish funds that were not awarded in the underlying judgment, or which were not otherwise proper under Virginia law, the Defendant committed numerous violations of Virginia Code § 8.01-511, an offense classified as a Class 1 misdemeanor.

25.    Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

26.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

27.    Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by its actions, which include, but are not limited to, the false representation of the character, amount, or legal status of any debt.

28.    Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1692e(2)(B)

29.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

30.    Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(B) by its actions, which include, but are not limited to, the false representation of the services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

31.    Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1692e(5)

32. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by its actions, which include, but are not limited to, threatening to take legal action that could not legally be taken.

34. Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1692e(10)

35. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by its actions, which include, but are not limited to, using false representation in a means to collect a debt.

37. Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIX:
## VIOLATION OF 15 U.S.C. § 1692f(1)

38. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

39.     Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by its actions, which include, but are not limited to, collection of amounts not permitted by law.

40.     Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, on behalf of themselves and the putative class members, move for class certification and for actual and statutory damages, attorney's fees and costs, pursuant to the Fair Debt Collection Practices Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**VIRGINIA SAM**
*on behalf of herself and all similarly
situated individuals*

By _____
        Of Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 - Telephone
(703) 591-9285 - Facsimile
E-mail: kkelly@siplfirm.com
E-mail: aguzzo@siplfirm.com

Leonard A. Bennett, Esq. (VSB #37523)
Susan Rotkis, Esq. (VSB #40639)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

9

E-mail: srotkis@clalegal.com

*Attorneys for Plaintiff*