# EXHIBIT C

deem right, as to the sale and proper application of the estate conveyed and delivered under §§ 8.01-506 and 8.01-507. (Code 1950, § 8-439; 1977, c. 617.)

**Cross references.** — As to rule in absence of specific directions by court, see § 8.01-510.

### § 8.01-510. Sale, collection and disposition of debtor's estate by officer.

— Real estate, conveyed to an officer under this chapter, shall, unless the court otherwise direct, be sold as other property levied on is required to be sold under § 8.01-492 and be conveyed to the purchaser by the officer. An officer to whom there is delivery under this chapter, when the delivery is of money, bank notes, or any goods or chattels, shall dispose of the same as if levied on by him under a fieri facias; and when the delivery is of evidences of debts, other than such bank notes, may receive payment of such debts within sixty days after such delivery. Any evidence of debt or other security, remaining in his hands at the end of such sixty days, shall be returned by him to the clerk's office of such court, and collection thereof may be enforced as prescribed by § 8.01-497. For a failure to make such return, he may be proceeded against as if an express order of the court for such return had been disobeyed. (Code 1950, § 8-440; 1977, c. 617.)

**Cross references.** — As to sale of real estate on executions of debts due the Commonwealth, see §§ 8.01-201 et seq. As to disposition of money, see §§ 8.01-373, 8.01-482, 8.01-499. As to conveyance of property disclosed by interrogatories, see § 8.01-507.

## ARTICLE 7.

### *Garnishment.*

### § 8.01-511. Institution of garnishment proceedings.

— On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there is a liability on any person other than the judgment debtor or that there is in the hands of some person in his capacity as personal representative of some decedent a sum of money to which a judgment debtor is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of the clerk's office of the court from which an execution on the judgment is issued so long as the judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. The summons and the notice and claim for exemption form required pursuant to § 8.01-512.4 shall be served on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee. Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with an envelope, with first-class postage attached, addressed to such address. A copy of the summons and the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the sheriff or provided by the judgment creditor to the person making service, with the process to be served. Promptly after service on the garnishee, the person making service shall mail such envelope by first-class mail to the judgment debtor at his last known

Case 1:13-cv-00249-CMH-TCB Document 7-3 Filed 06/07/13 Page 3 of 4 PageID# 69

address. If the person making service is unable to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be sufficient proof of the mailing of such envelope with the required copy of the summons and the notice and claim for exemption form with no examination of such contents being required nor separate certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment creditor shall furnish the social security number of the judgment debtor to the clerk, except as hereinafter provided.

The judgment creditor may require the judgment debtor to furnish his correct social security number by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a judgment creditor's diligent good faith effort to secure the judgment debtor's social security number. Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.

Except as hereinafter provided, no summons shall be issued pursuant to this section for the garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii) contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with this provision, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.

However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the social security number of the judgment debtor and has been unable to do so, the garnishment shall be issued without the necessity for such number. In such cases, if the judgment debtor's correct social security number is not shown in the place provided on the summons, and the judgment debtor's name and address as shown on the garnishment summons do not match the name and current address of any employee as shown on the current payroll records of the garnishee, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.

The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed to be due upon the judgment, calculated to the return day of the summons. He shall also set out such credits as may have been made upon the judgment.

No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his assignee against the wages of a judgment debtor unless the judgment creditor, or his agent or attorney, shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a business, trade, or professional credit transaction entered into on or after January 1, 1984, or (ii) does not involve a business, trade, or professional

credit transaction entered into on or after January 1, 1984, and a diligent good faith effort has been made by the judgment creditor, or his agent or attorney, to secure the social security number of the judgment debtor.

In addition, the suggestion shall contain an allegation that:

1. The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

2. No summons has been issued upon his suggestion against the same judgment debtor within a period of 18 months, other than under the provisions of subdivision 1; or

3. The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

Any judgment creditor who knowingly gives false information upon any such suggestion or certificate made under this chapter shall be guilty of a Class 1 misdemeanor. (Code 1950, § 8-441; 1960, c. 502; 1966, c. 212; 1972, c. 104; 1976, c. 659; 1977, cc. 454, 617; 1978, cc. 321, 506; 1979, cc. 242, 345; 1980, c. 537; 1983, cc. 399, 468; 1984, c. 1; 1985, c. 524; 1991, c. 534; 1996, cc. 501, 608; 2006, c. 55.)

### REVISERS' NOTE

Section 8.01-511 is former § 8-441. Notice to the judgment debtor is still required, but such notice may be given by certified mail sent by the clerk pursuant to affidavit of the judgment creditor stating the last known post-office address of the judgment debtor. Notice by publication is no longer permitted.

---

**Cross references.** — As to garnishment of joint accounts and trust accounts, see § 6.1-125.3. As to lien on property not capable of being levied on, see §§ 8.01-501 et seq. As to proceedings by interrogatories, see §§ 8.01-506 through 8.01-510. As to garnishment or execution upon wages and salaries of State, city, town and county officials and employees, see §§ 8.01-522, 8.01-524, and 8.01-525. As to punishment for Class 1 misdemeanor, see § 18.2-11. As to exemption of unemployment benefits from garnishment generally and procedure where funds claimed to be exempt have been deposited with financial institution, etc., see § 60.2-600. As to exemption of workers' compensation funds from garnishment generally and procedure where funds claimed to be exempt have been deposited with financial institution, etc., see § 65.2-531.

**Editor's note.** — Acts 1977, c. 454, amended former § 8-441, corresponding to this section.

Pursuant to § 30-152 and Acts 1977, c. 617, cl. 4, that amendment was deemed to have amended this section.

**The 2006 amendments.** — The 2006 amendment by c. 55, in the third paragraph, added clause (iv) and the sentence following clause (iv), and made a related change; and made a stylistic change in subdivision 2.

**Law Review.** — For survey of Virginia practice and pleading for the year 1975-1976, see 62 Va. L. Rev. 1460 (1976). For article on the need for reform of and a proposed revision of Virginia's exemption statutes, see 37 Wash. & Lee L. Rev. 127 (1980). For note on bank's right of setoff in Virginia, see 41 Wash. & Lee L. Rev. 1603 (1984). For comment "Adequate Protection — The Equitable Yardstick of Chapter 11," see 22 U. Rich. L. Rev. 455 (1988). For survey of creditor's rights, see 22 U. Rich. L. Rev. 517 (1988).

**Michie's Jurisprudence.** — For related