# EXHIBIT E

Be it enacted by the General Assembly of Virginia:

1. That § 46.1-73 of the Code of Virginia is amended and reenacted as follows:

§ 46.1-73. Priority of security interests shown on certificates.—The security interests, except security interests in motor vehicles, trailers and semitrailers which are inventory held for sale and are perfected under §§ 8.8-301 to 8.9-407 (§§ 8.9-301 to 8.9-408), shown upon such certificates of title issued by the Division pursuant to applications for same shall have priority over any other liens or security interests against such motor vehicle, trailer or semitrailer, however created and recorded, except that lien of keepers of garages for repairs to extent of seventy-five dollars $150 given by § 43-32 and the lien of mechanics for repairs to the extent of one hundred fifty dollars $300 given by § 43-33 if the requirements therefor exist, provided the garage keeper or mechanic furnishes the holder of any such recorded lien who may request it with an itemized sworn statement of the storage charges, work done and materials supplied for which the said lien is claimed.

## CHAPTER 398

An Act to amend and reenact § 24.1-46 of the Code of Virginia, relating to duties of general registrar.

[H 509]

Approved March 25, 1983

Be it enacted by the General Assembly of Virginia:

1. That § 24.1-46 of the Code of Virginia is amended and reenacted as follows:

§ 24.1-46. Duties of general registrar.—In addition to the other duties provided by law, it shall be the duty of the general registrar to:

(1) Maintain the public office provided by the local governing body and to establish and maintain such additional public offices for the registration of voters as are designated by the electoral board; provided, however, no registrar shall go outside of the territorial limits of the county or city for which he was appointed to register voters , *except that a registrar may go into a county or city in the Commonwealth contiguous to his county or city to register voters of his county or city when conducting registration jointly with the registrar of the contiguous county or city.*

(2) Provide the appropriate forms for application to register and to obtain the information necessary to complete the application pursuant to the provisions of the Constitution. The general registrar and any assistant registrar shall be authorized to administer any oath required for purposes of registration.

(3) Maintain, only in the principal office of the general registrar, true and accurate, separate books containing the names of registered voters in alphabetical order for each election district within his jurisdiction and make them available for all elections in such districts.

(4) Maintain in his office suitable books containing lists in alphabetical order of persons registered and carry out such other duties as prescribed by the electoral board.

(5) Certify the list of election districts, the number of voters and information as required by the State Board of Elections.

(6) Preserve as part of the official records for a period of two years the written applications of all persons who are registered and preserve for a period of two years the written applications of all persons who are denied registration.

(7) If a person is refused registration, notify such person in writing of such refusal and the reason forthwith.

(8) Upon being informed and determining that a voter is registered in a precinct, election district, county or city, in which he no longer resides, if such voter be within the same jurisdiction, transfer such voter and notify him by mail of such change. If such voter be without the jurisdiction, the general registrar shall notify such voter of the voter's duty to transfer to the election district of his residence, and if such voter fail to comply with the law, remove such voter's name by purge as provided by § 24.1-60.

(9) In the event that election districts are rearranged or a new district created, cause the names of those registered voters residing in the rearranged or new districts to be placed on the books and lists for the proper election district and notify such voters by mail of the changes.

(10) In the event that through annexation, merger or similar means an area in which registered voters reside becomes a part of another election district, county or city, furnish to the appropriate general registrar lists of registered voters so affected. Such registered voters shall be placed on the registration books of the new election district, county or city, so notified by mail, and stricken from the registration books of the general registrar so transferring them.

(11) In the event of registration of a qualified voter, who was previously registered in another state, notify the appropriate authority of the last place of previous registration of such new registration. Such notice shall be upon a form prescribed or approved by the State Board of Elections.

(12) Strike from the list of voters the names of all persons who are deceased and the names of all persons known to him to be disqualified to vote, as provided in the Constitution, unless such disability has been removed as provided by law. The various records concerning such names shall be retained for a period of two years.

(13) Purge the registration books pursuant to §§ 24.1-59 through 24.1-62 and maintain accurate books of registered voters. A voter's name may be removed from the registration records pursuant to § 24.1-60 at any time during the year at which the registrar discovers that such person is no longer entitled to be registered in such district, except within sixty days of the general election in November or within thirty days of any other election in such district.

(14) Whenever the registration books in any election district are so mutilated, blotted, defaced, or otherwise in such condition as to render it difficult, troublesome or unsafe to use them longer, the electoral board shall then order, or may at any time order, that the books shall be copied, cause fair copies to be made of the old registration books, and they shall take the place of the old books. The general registrar shall preserve the old books.

(15) Upon request of the local governing body, to inform in writing only those duly designated local governmental agencies or departments the names and addresses of all new registered voters, all those removed from the registration lists and all those changes of address occurring within the period requested or within the previous year, whichever is the lesser period, to be used for city, county, or town purposes only.

(16) [Repealed.]

(17) At the request of the county or city chairman of any political party nominating a candidate for the General Assembly or local office by a method other than direct primary, review any petition required by the party in such nomination process to determine whether those signing the petition are registered voters.

## CHAPTER 399

An Act to amend and reenact §§ 8.01-511, 8.01-515 and 8.01-520 of the Code of Virginia, to amend the Code of Virginia by adding sections numbered 8.01-512.3 and 8.01-516.1, and to repeal §§ 8.01-512, 8.01-512.1 and 8.01-516 of the Code of Virginia, the amended, added and repealed sections relating to garnishment proceedings; form.

[H 540]

Approved March 25, 1983

Be it enacted by the General Assembly of Virginia:

1. That §§ 8.01-511, 8.01-515 and 8.01-520 of the Code of Virginia are amended and reenacted and that the Code of Virginia is amended by adding sections numbered 8.01-512.3 and 8.01-516.1 as follows:

§ 8.01-511. Institution of garnishment proceedings.—On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there is a liability on any person other than the judgment debtor, or, that there is in the hands of some person in his capacity as personal representative of some decedent a sum of money to which a judgment debtor is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such writ of fieri facias is a lien, a summons substantially in the form prescribed by § 8.01-512 *8.01-512.3* may be sued out of the clerk's office of the court in *from which an execution on the judgment is rendered issued* so long as the judgment shall remain enforceable as provided in § 8.01-251 or sued out of the clerk's office to which an execution issued thereon has been returned as provided in § 16.1-99 against such person. The summons shall be served on the garnishee, and shall be served on the judgment debtor; provided, that if the serving officer is unable to serve the judgment debtor, pursuant to § 8.01-296 (1) or (2), the judgment creditor shall file with the clerk a certificate setting forth the last known address of the judgment debtor, and furnish the clerk with an envelope with first-class postage attached, addressed to such address, whereupon a copy of the summons shall be sent by the clerk by first-class mail to the judgment debtor at his last known address. The judgment creditor shall furnish the social security number of the judgment debtor to the clerk, if known. Such number, if known, shall appear on the summons except as hereinafter provided.

If the judgment debtor's correct social security number is not shown in the place provided on the summons and the garnishee is reasonably unable to identify the judgment debtor whose earnings, wages or commissions are sought to be subjected to the lien of the judgment, the garnishee shall make a statement to that effect and shall have no liability to the judgment creditor, if the garnishee has two or more employees with the same first name and surname as the judgment debtor. The remedies provided in § 8.01-515 shall be available to the judgment creditor to determine if in fact the statement is true or accurate. In addition, the *The* judgment creditor may require the judgment debtor to furnish his correct social security number by the use of interrogatories. Such remedies *remedy* shall be in addition to all other lawful remedies available to the judgment creditor.

*Except as hereinafter provided, no summons shall be issued pursuant to this section for the garnishment of wages, salaries, commissions or other earnings unless it: (i) is in the form prescribed by § 8.01-512.3, (ii) is directed to only one garnishee for the garnishment of only one judgment debtor and (iii) contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in the proper places as provided on the summons. Upon receipt of a summons not in compliance with this provision, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.*

*However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment creditor that he has made a diligent good faith effort to secure the social security number of the judgment debtor and has been unable to do so, the garnishment shall be issued without the necessity for such number. In such cases, if the judgment debtor's correct social security number is not shown in the place provided on the summons, and the judgment debtor's name and address as shown on the garnishment summons do not match the name and current address of any employee as shown on the current payroll records of the garnishee, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons*

*being void upon transmission of the answer.*

The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed to be due upon the judgment, calculated to the return day of the summons. He shall also set out such credits as may have been made upon the judgment.

No summons under *shall be issued pursuant to* this section shall be issued at the suggestion of the judgment creditor or his assignee against the wages of a judgment debtor unless the judgment creditor, his agent or attorney shall allege in his suggestion that *the judgment for which enforcement is sought either (i) involves a business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) does not involve a business, trade or professional credit transaction entered into on or after January 1, 1984, and a diligent good faith effort has been made by the judgment creditor to secure the social security number of the judgment debtor.*

*In addition,* the suggestion shall contain an allegation that :

1. The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

2. No summons has been issued upon his suggestion against the same judgment debtor within a period of eighteen months, other than under the provisions of subdivision paragraph 1, above; or

3. The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

Any judgment creditor who knowingly gives false information upon any such suggestion or certificate made under this chapter shall be guilty of a Class 1 misdemeanor.

*§ 8.01-512.3. Form of Garnishment Summons.—Any garnishment issued pursuant to § 8.01-511 shall be in the following form:*

*(a) Front side of summons:*

GARNISHMENT SUMMONS

(Court Name)

................ Hearing Date and Time   STATEMENT
(Name and address of judgment creditor)
(Name, street address and social security number of judgment debtor)
(Name and street address of garnishee)

MAXIMUM PORTION OF DISPOSABLE  Judgment Principal  $....
EARNINGS SUBJECT TO GARNISHMENT  Credits            $....
☐ Support                         Interest           $....
☐ 50% ☐ 55% ☐ 60% ☐ 65%           Judgment Costs     $....
(If not specified, then 50%)      Attorney's Fees    $....
☐ state taxes, 100%               Garnishment Costs  $....
If none of the above are
checked, then § 34.29(a)          TOTAL BALANCE DUE
(printed on the reverse side      The garnishee shall
of this summons) applies.         rely on this amount.

................ Date of Judgment

TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.

TO THE GARNISHEE: You are hereby commanded to
(1) File a written answer with this court, or
(2) Deliver payment to this court, or
(3) Appear before this court

## 494 ACTS OF ASSEMBLY [VA., 1983

on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations:

(1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons.

(2) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commissions or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

.................................... ....................................
Date of Issuance of Summons Clerk

.................................... ....................................
Date of delivery of writ of fieri facias to sheriff if different from date of issuance of this summons.

(b) A verbatim copy of § 34-29 shall be printed on the reverse side of the summons.

§ 8.01-515. How garnishee examined; determining exemption from employee's withholding certificate; calculating amount due pursuant to exemptions in § 34-29 (a).—A person so summoned shall appear in person and be examined on oath ; or he may file a statement verified by affidavit and a. A corporation so summoned shall appear by an authorized agent who shall be examined on oath ; or it may file a statement, not under seal , verified by affidavit of such authorized agent. Such statement shall show the amount the garnishee is indebted to the judgment debtor, if any, or what property or effects, if any, the garnishee has or holds which belongs to the judgment debtor, or in which he has an interest. Payment to the court of any amount by the garnishee shall have the same force and effect as a statement which contains the information required by this section. If the judgment debtor or judgment creditor dispute disputes the verity or accuracy of such statement or amount and so desire desires, then summons shall issue requiring the appearance of such person or authorized agent for examination on oath, and requiring him to produce such books and papers as may be necessary to determine the fact.

In determining the exemption to which the employee is entitled, the employer may until otherwise ordered by the court rely upon the information contained in the employee's withholding exemption certificate filed by the employee for federal Income tax purposes, and any person showing more than one exemption thereon shall be considered by him to be a householder or head of a family.

The employer may calculate any amount due under the garnishment pursuant to apply the exemptions provided in § 34-29 (a) unless otherwise specified on the summons, or unless otherwise ordered by the court.

§ 8.01-516.1. Garnishment dispositions.—If the amount of liability is not disputed and the garnishee admits liability to the court either by (i) examination on the return date of the summons, or (ii) written statement as provided by § 8.01-515 on or before the return date of the summons, the court shall order the delivery of such estate or payment of the value of such estate into court without entering judgment against the garnishee. Should a garnishee fail to comply with the order within thirty days after service of such order on the garnishee, then judgment may be entered against the garnishee.

§ 8.01-520. Payment, etc., by garnishee before return day of summons.—Any person, summoned under § 8.01-511, may, before the return day of the summons, deliver and pay to the officer serving it what he is liable for, and the officer shall give a receipt for, and make return of, what is so paid and delivered or in lieu thereof, such person may pay what

## ACTS OF ASSEMBLY 495

## CH. 399]

he is liable for to the clerk of the court issuing the summons and such clerk shall give a receipt , upon request, for what is so paid.

2. That §§ 8.01-512, 8.01-512.1 and 8.01-516 of the Code of Virginia are repealed.

3. That the provisions of § 8.01-511 shall become effective on January 1, 1984, and the remainder of this act shall become effective in due course.

---

## CHAPTER 400

An Act to amend and reenact § 58-730.8 of the Code of Virginia, relating to oil company excise tax.

[H 553]

Approved March 25, 1983

Be it enacted by the General Assembly of Virginia:

1. That § 58-730.8 of the Code of Virginia is amended and reenacted as follows:

§ 58-730.8. Definitions.—The following words and phrases used in this chapter shall have the meanings ascribed to them in this section, unless the context clearly indicates otherwise:

"Average wholesale price" shall be the average wholesale price per gallon of all taxable petroleum products, excluding the federal excise tax and the state gallonage tax, as determined and published quarterly by the Commissioner.

"Commissioner" shall mean the Commissioner of the Division of Motor Vehicles or his delegate.

"Division" shall mean the Division of Motor Vehicles.

"Oil company" shall mean any person who imports or receives petroleum products in this Commonwealth for use, distribution or sale within Virginia, and shall include all dealers, as defined in § 58-687, and all suppliers, as defined in § 58-732.

"Person" shall mean any individual or individuals, corporation, partnership, firm or organization.

"Petroleum products" shall mean and include all combustible gases and liquids, used or suitable for use in an internal combustion engine or motor for the generation of power to propel motor vehicles on the public highways.

"Petroleum revenue" means all consideration, excluding the amount of the federal excise tax and the state gallonage tax, whether in cash, credit or property, received by an oil company for the sale in the Commonwealth shall mean an amount determined by multiplying the number of gallons of petroleum products destined for use to propel a motor vehicle of any kind on the public highways sold in the Commonwealth by an oil company, plus the number of gallons used by the oil company in Virginia times by the average wholesale price. An oil company shall have the option of computing its tax by using the average wholesale price rather than the actual sales price. No deduction shall be made for cost of goods sold or any other expense whatsoever, except that deductions shall be permitted for returned merchandise. Petroleum products will be assumed to be distributed for use on the highways unless the buyer thereof has provided documentation in accordance with regulations of the Commissioner that the products will be used for exempt purposes.

§ 8.01-511      CODE OF VIRGINIA      § 8.01-511

ARTICLE 7.

Garnishment.

§ 8.01-511. (Effective until January 1, 1984) Institution of garnishment proceedings. — On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there is a liability on any person other than the judgment debtor, or, that there is in the hands of some person in his capacity as personal representative of some decedent a sum of money to which a judgment debtor is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such writ of fieri facias is a lien, a summons substantially in the form prescribed by § 8.01-512 may (i) be sued out of the clerk's office of the court in which the judgment is rendered so long as the judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to which an execution issued thereon has been returned as provided in § 16.1-99 against such person or (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-279 (I). The summons shall be served on the garnishee, and shall be served on the judgment debtor. If the serving officer is unable to serve the judgment debtor, pursuant to § 8.01-296 (1) or (2), the judgment creditor shall file with the clerk a certificate setting forth the last known address of the judgment debtor, and furnish the clerk with an envelope with first-class postage attached, addressed to such address, whereupon a copy of the summons shall be sent by the clerk by first-class mail to the judgment debtor at his last known address. The judgment creditor shall furnish the social security number of the judgment debtor to the clerk, if known. Such number, if known, shall appear on the summons.

If the judgment debtor's correct social security number is not shown in the place provided on the summons and the garnishee is reasonably unable to identify the judgment debtor whose earnings, wages or commissions are sought to be subjected to the lien of the judgment, the garnishee shall make a statement to that effect and shall have no liability to the judgment creditor, if the garnishee has two or more employees with the same first name and surname as the judgment debtor. The remedies provided in § 8.01-515 shall be available to the judgment creditor to determine if in fact the statement is true or accurate. In addition, the judgment creditor may require the judgment debtor to furnish his correct social security number by the use of interrogatories. Such remedies shall be in addition to all other lawful remedies available to the judgment creditor.

The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed to be due upon the judgment, calculated to the return day of the summons. He shall also set out such credits as may have been made upon the judgment.

No summons under this section shall be issued at the suggestion of the judgment creditor or his assignee against the wages of a judgment debtor unless the judgment creditor, his agent or attorney shall allege in his suggestion that:

1. The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

2. No summons has been issued upon his suggestion against the same judgment debtor within a period of eighteen months, other than under the provisions of subdivision 1, above; or

3. The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

108

---

§ 8.01-511      1983 CUMULATIVE SUPPLEMENT      § 8.01-511

4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

Any judgment creditor who knowingly gives false information upon any such suggestion or certificate made under this chapter shall be guilty of a Class 1 misdemeanor. (Code 1950, § 8-441; 1960, c. 502; 1966, c. 212; 1972, c. 104; 1976, c. 659; 1977, cc. 454, 617; 1978, cc. 321, 506; 1979, cc. 242, 345; 1980, c. 537; 1983, c. 468.)

Section set out twice. — The section above is effective until January 1, 1984. For the version of this section effective January 1, 1984, see the following section, also numbered § 8.01-511.

Cross-reference. — As to punishment for Class 1 misdemeanors, see § 18.2-11.

The 1978 amendments. — The first 1978 amendment inserted "pursuant to § 8.01-296 (1) or (2)" and "and furnished the clerk with an envelope with first-class postage attached, addressed to such address," deleted "post-office following" and substituted "first-class" for "certified" preceding "mail" in the proviso to the second sentence of the first paragraph and deleted the former last sentence of the first paragraph, which read "Postage shall be taxed as costs."

The second 1978 amendment incorporated the changes made by the first and, in addition, added the present third and fourth sentences of the first paragraph.

The 1979 amendments. — The first 1979 amendment added the present third paragraph.

The second 1979 amendment inserted "so long as the judgment shall remain enforceable as provided in § 8.01-251" near the end of the first sentence in the first paragraph.

The 1980 amendment added the second paragraph.

The 1983 amendment in the first sentence of the first paragraph inserted "(i)," substituted "(ii) be" for "or, and inserted "or (iii) be sued out of the clerk's office of which an execution issued as provided in § 16.1-279(I)" and divided the former second sentence of the first paragraph into the present second and third sentences, by deleting "provided that" at the beginning of the present third sentence.

Law Review.

For an article on the need for reform of and a proposed revision of Virginia's Exemption Statutes, see 37 Wash. & Lee L. Rev. 127 (1980).

Garnishment is regarded, not as a process of execution to enforce a judgment, but as an independent suit by the judgment-debtor in the name of the judgment-creditor against the garnishee. Butler v. Butler, 219 Va. 164, 247 S.E.2d 353 (1978).

Issue adjudicated. — Ordinarily, the only adjudicable issue in a garnishment is whether the garnishee is liable to the judgment-debtor, and if so, the amount due. Butler v. Butler, 219 Va. 164, 247 S.E.2d 353 (1978).

The garnishment statute plainly contemplates only a personal judgment against the garnishee. Butler v. Butler, 219 Va. 164, 247 S.E.2d 353 (1978).

§ 8.01-511. (Effective January 1, 1984) Institution of garnishment proceedings. — On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there is a liability on any person other than the judgment debtor, or, that there is in the hands of some person in his capacity as personal representative of some decedent a sum of money to which a judgment debtor is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of the clerk's office of the court from which an execution on the judgment is issued so long as the judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to which an execution issued thereon has been returned as provided in § 16.1-99 against such person or (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-279 (I). The summons shall be served on the garnishee, and shall be served on the judgment debtor. If the serving officer is unable to serve the judgment debtor, pursuant to § 8.01-296 (1) or (2), the judgment creditor shall file with the clerk a certificate

109

§ 8.01-511     CODE OF VIRGINIA     § 8.01-511

setting forth the last known address of the judgment debtor, and furnish the clerk with an envelope with first-class postage attached, addressed to such address, whereupon a copy of the summons shall be sent by the clerk by first-class mail to the judgment debtor at his last known address. The judgment creditor shall furnish the social security number of the judgment debtor to the clerk, except as hereinafter provided.

The judgment creditor may require the judgment debtor to furnish his correct social security number by the use of interrogatories. Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.

Except as hereinafter provided, no summons shall be issued pursuant to this section for the garnishment of wages, salaries, commissions or other earnings unless it: (i) is in the form prescribed by § 8.01-512.3, (ii) is directed to only one judgment debtor and (iii) contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in the proper places as provided on the summons. Upon receipt of a summons not in compliance with this provision, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.

However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment creditor that he has made a diligent good faith effort to secure the social security number of the judgment debtor and has been unable to do so, the garnishment shall be issued without the necessity for such number. In such cases, if the judgment debtor's correct social security number is not shown in the place provided on the summons, and the judgment debtor's name and address as shown on the garnishment summons do not match the name and address of any employee as shown on the current payroll records of the garnishee, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.

The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed to be due upon the judgment, calculated to the return day of the summons. He shall also set out such credits as may have been made upon the judgment.

No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his assignee against the wages of a judgment debtor unless the judgment creditor, his agent or attorney shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) does not involve a business, trade or professional credit transaction entered into on or after January 1, 1984, and a diligent good faith effort has been made by the judgment creditor to secure the social security number of the judgment debtor.

In addition, the suggestion shall contain an allegation that:

1. The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

2. No summons has been issued upon his suggestion against the same judgment debtor within a period of eighteen months, other than under the provisions of subdivision 1, above; or

3. The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

110

---

§ 8.01-512     1983 CUMULATIVE SUPPLEMENT     § 8.01-512.3

4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

Any judgment creditor who knowingly gives false information upon any such suggestion or certificate made under this chapter shall be guilty of a Class 1 misdemeanor. (Code 1950, § 8-441; 1960, c. 502; 1966, c. 212; 1972, c. 104; 1976, c. 659; 1977, cc. 454, 617; 1978, cc. 321, 506; 1979, cc. 242, 345; 1980, c. 537; 1983, cc. 399, 468.)

**Section set out twice.** — The section above is effective January 1, 1984. For the version of this section in effect until January 1, 1984, see the preceding section, also numbered § 8.01-511.

**The first 1983 amendment** in the first sentence of the first paragraph inserted "(i)," substituted "(ii) be" for "or," and inserted "or (iii) be sued out of the clerk's office of which an execution issued as provided in § 16.1-279(f)" and divided the former second sentence of the first paragraph into the present second and third sentences, by deleting "provided that" at the beginning of the present third sentence.

**The second 1983 amendment**, effective January 1, 1984, in the first sentence of the first paragraph deleted "substantially" preceding "in the form," substituted "§ 8.01-512.3" for "§ 8.01-512," and substituted "from which an execution on the judgment is issued" for "in which the judgment is rendered"; substituted "except as hereinafter provided" for "if known" in the next-to-last sentence; and deleted the last sentence, which read "Such number, if known, shall appear on the summons"; deleted the former first two sentences of the second paragraph, which related to inability of the garnishee to identify the judgment debtor; deleted "In addition" at the beginning of the present first sentence of the second paragraph; and substituted "remedy" for "remedies" in the present second sentence of the second paragraph; added the present third and fourth paragraphs; in the present sixth paragraph substituted "shall be issued pursuant to" for "under," deleted "shall be issued" preceding "at the suggestion," and added the language beginning "the judgment for which"; and added "In addition, the suggestion shall contain an allegation that" preceding the enumerated list of required allegations at the end of the section.

**§§ 8.01-512, 8.01-512.1: Repealed by Acts 1983, c. 399.**

**Cross reference.** — For present provisions as to the form of a garnishment summons, see § 8.01-512.3.

**§ 8.01-512.2. Fee for certain garnishee-employers.** — Garnishee-employers employing more than ten thousand employees may charge and collect a fee of up to ten dollars from a judgment-debtor employee on account of such employers' expense in processing each garnishment summons served on such employers on account of the judgment-debtor employee. (1980, c. 537.)

**§ 8.01-512.3. Form of garnishment summons.** — Any garnishment issued pursuant to § 8.01-511 shall be in the following form:

(a) Front side of summons:

GARNISHMENT SUMMONS

(Court Name)

(Name and address of judgment creditor)

(Name, street address and social security number of judgment debtor)

111

## § 8.01-512.3

(Name and street address of garnishee)

......... Hearing Date and Time

**MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT**

☐ Support
☐ 50% ☐ 55% ☐ 60% ☐ 65%
(if not specified, then 50%)
☐ state taxes, 100%
If none of the above are checked, then § 34-29(a) (printed on the reverse side of this summons) applies.

**STATEMENT**

Judgment Principal        $......
Credits                   $......
Interest                  $......
Judgment Costs            $......
Attorney's Fees           $......
Garnishment Costs         $......

TOTAL BALANCE DUE         $......

The garnishee shall rely on this amount.

..............................
Date of Judgment

TO ANY AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee.
TO THE GARNISHEE: You are hereby commanded to
(1) File a written answer with this court, or
(2) Deliver payment to this court, or
(3) Appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations:
(1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons.
(2) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.
If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commissions or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

............................     ..............................
Date of Issuance of Summons       Clerk

Date of delivery of writ of fieri facias to sheriff if different from date of issuance of this summons.
(b) A verbatim copy of § 34-29 shall be printed on the reverse side of the summons. (1983, c. 399.)

---

## § 8.01-513

**§ 8.01-513. Service upon corporation.** — Notwithstanding the provisions of §§ 13.1-11, 13.1-111, 13.1-210 and 13.1-274, if the person upon whom there is a suggestion of liability as provided in § 8.01-511 is a corporation, the summons shall be served upon an officer, or managing employee of the corporation other than an officer of the corporation, unless the judgment creditor shall file with the court a certificate that he has used due diligence and that no such officer or managing employee of the corporation other than an officer or other person authorized to accept such service can be found within the Commonwealth, in which case such summons shall be served on the registered agent of the corporation or upon the clerk of the State Corporation Commission as is otherwise provided by law. Provided, however, that service on the corporation shall not be made upon a managing employee of such corporation if such managing employee is also the judgment debtor. (Code 1950, § 8-441.2; 1974, c. 561; 1977, c. 617; 1980, c. 514.)

The 1980 amendment added the second sentence.

**§ 8.01-514. When garnishment summons returnable.** — The summons in garnishment shall be returnable to the general district court from which it issued not more than ninety days after the date thereof and to the circuit court from which it issued, not more than ninety days after the date thereof. When issued by a district court, such summons may be directed to a sheriff of any county or city wherein the judgment debtor resides or where the garnishment defendant resides or where either may be found and made returnable before the general district court, and shall be made returnable within ninety days at some certain place within such county or city named in such summons. (Code 1950, § 8-442; 1976, c. 659; 1977, cc. 454, 617; 1979, c. 36.)

The 1979 amendment substituted "ninety days" for "sixty days" in the first sentence and near the end of the second sentence.

**§ 8.01-515. How garnishee examined; determining exemption from employee's withholding certificate; amount due pursuant to exemptions in § 34-29 (a).** — A person so summoned shall appear in person and be examined on oath or he may file a statement. A corporation so summoned shall appear by an authorized agent who shall be examined on oath or may file a statement, not under seal of such authorized agent. Such statement shall show the amount the garnishee is indebted to the judgment debtor, if any, or what property or effects, if any, the garnishee has or holds which belongs to the judgment debtor, or in which he has an interest. Payment to the court of any amount by the garnishee shall have the same force and effect as a statement which contains the information required by this section. If the judgment debtor or judgment creditor disputes the verity or accuracy of such statement or amount and so desires, then summons shall issue requiring the appearance of such person or authorized agent for examination on oath, and requiring him to produce such books and papers as may be necessary to determine the fact.

In determining the exemption to which the employee is entitled, the employer may rely until otherwise ordered by the court rely upon the information contained in the employee's withholding exemption certificate filed by the employee for federal income tax purposes, and any person showing more than one exemption thereon shall be considered by him to be a householder or head of a family.

## § 8.01-511    CODE OF VIRGINIA    § 8.01-511

or accurate. In addition, the judgment creditor may require the judgment debtor to furnish his correct social security number by the use of interrogatories. Such remedies shall be in addition to all other lawful remedies available to the judgment creditor.

The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed to be due upon the judgment, calculated to the return day of the summons. He shall also set out such credits as may have been made upon the judgment.

No summons under this section shall be issued at the suggestion of the judgment creditor or his assignee against the wages of a judgment debtor unless the judgment creditor, his agent or attorney shall allege in his suggestion that:

1. The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

2. No summons has been issued upon his suggestion against the same judgment debtor within a period of eighteen months, other than under the provisions of subdivision paragraph 1, above; or

3. The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

Any judgment creditor who knowingly gives false information upon any such suggestion or certificate made under this chapter shall be guilty of a Class 1 misdemeanor. (Code 1950, § 8-441; 1960, c. 502; 1966, c. 212; 1972, c. 104; 1976, c. 659; 1977, cc. 454, 617; 1978, cc. 321, 506; 1979, cc. 242, 345; 1980, c. 537.)

Cross-reference. — As to punishment for Class 1 misdemeanors, see § 18.2-11.

The 1978 amendments. — The first 1978 amendment inserted "pursuant to § 8.01-296 (1) or (2)" and "and furnished the clerk with an envelope with first-class postage attached, addressed to such address, deleted "post-office" following "last known", and substituted "first-class" for "certified" preceding "mail" in the proviso to the second sentence of the first paragraph and deleted the former last sentence of the first paragraph, which read "Postage shall be taxed as costs."

The second 1978 amendment incorporated the changes made by the first and, in addition, added the present third and fourth sentences of the first paragraph.

The 1979 amendments. — The first 1979 amendment added the present third paragraph.

The second 1979 amendment inserted "so long as the judgment shall remain enforceable as provided in § 8.01-251" near the end of the first sentence in the first paragraph.

The 1980 amendment added the second paragraph.

Law Review.

For an article on the need for reform of and a proposed revision of Virginia's Exemption Statutes, see 37 Wash. & Lee L. Rev. 127 (1980).

Garnishment is regarded, not as a process of execution to enforce a judgment, but as an independent suit by the judgment-debtor in the name of the garnishee against the garnishee. Butler v. Butler, 219 Va. 164, 247 S.E.2d 353 (1978).

Issue adjudicated. — Ordinarily, the only adjudicable issue in a garnishment is whether the garnishee is liable to the judgment-debtor, and if so, the amount due. Butler v. Butler, 219 Va. 164, 247 S.E.2d 353 (1978).

The garnishment statute plainly contemplates only a personal judgment against the garnishee. Butler v. Butler, 219 Va. 164, 247 S.E.2d 353 (1978).

## § 8.01-512    1982 CUMULATIVE SUPPLEMENT    § 8.01-512

§ 8.01-512. Form of garnishment summons. — Any garnishment summons issued pursuant to § 8.01-511 shall be substantially in the following form:

The Commonwealth of Virginia,
To the ......, of the ...... of ......, Greeting:
WHEREAS, on ...... , ......, an execution was duly issued and delivered to ...... upon a judgment rendered in the ...... Court of the ...... of ...... on ......, in favor of ......, plaintiff, whose mailing address is ......, against ......, defendant, social security number ......, for the sum of $......, interest thereon in the sum of $......, and $...... costs; and to which judgment the sum of $...... has been credited; and it being suggested by the plaintiff that by reason of the lien of such execution there is a liability upon the garnishee hereinafter named;

THEREFORE, WE COMMAND YOU, in the name of the Commonwealth of Virginia, to summon ......, garnishee, to appear before the ...... Court of the ...... of ......, at ...... , on ......, at ...... o'clock ...... M, to answer such suggestion, having then and there this writ; and the garnishee named above shall withhold from the defendant any sums of money to which the defendant is or may be entitled from the garnishee for the period between the date of service of this summons on the garnishee and the date for the garnishee's appearance in Court specified above, except such sums of money as may be exempt from garnishment pursuant to Virginia Code § 34-29, which reads as follows:

§ 34-29. Maximum portion of disposable earnings subject to garnishment. — (a) Except as provided in subsections (b) and (b1), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed the lesser of the following amounts:

(1) Twenty-five per centum of his disposable earnings for that week, or

(2) The amount by which his disposable earnings for that week exceed thirty times the federal minimum hourly wage prescribed by § 206 (a) (1) of Title 29 of the United States Code in effect at the time earnings are payable.

In the case of earnings for any pay period other than a week, the State Commissioner of Labor and Industry shall by regulation prescribe a multiple of the federal minimum hourly wage equivalent in effect to that set forth in this section.

(b) The restrictions of subsection (a) do not apply in the case of

(1) Any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure established by State law, which affords substantial due process, and which is subject to judicial review.

(2) Any order of any court of bankruptcy under Chapter XIII of the Bankruptcy Act.

(3) Any debt due for any State or federal tax.

(b1) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:

(1) Sixty per centum of such individual's disposable earnings for that week; or

(2) If such individual is supporting a spouse or dependent child other than the spouse or child with respect to whose support such order was issued, fifty per centum of such individual's disposable earnings for that week.

The fifty per centum specified in clause (b1) (2) shall be fifty-five per centum and the sixty per centum specified in clause (b1) (1) shall be sixty-five per centum if and to the extent that such earnings are subject to garnishment to enforce an order for support for a period which is more than twelve weeks prior to the beginning of such workweek.

(c) No court of the State and no State agency or officer may make, execute, or enforce any order or process in violation of this section.

§ 8.01-512.1

**CODE OF VIRGINIA**

§ 8.01-512.2

The exemptions allowed herein shall be granted to any person so entitled without any further proceedings.

(d) For the purposes of this section:

(1) The term *"earnings"* means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

(2) The term *"disposable earnings"* means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld, and

(3) The term *"garnishment"* means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.

(e) Every assignment, sale, transfer, pledge or mortgage of the wages or salary of an individual which is exempted by this section, to the extent of the exemption provided by this section, shall be void and unenforceable by any process of law.

(f) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness. In the case of garnished earnings, from an employer having one thousand or more employees, money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commissions or other earnings which are determined and are payable following service of the summons on the garnishee under the garnishee-employer's normal payroll procedures with a reasonable time allowance for making a timely return by mail to the court above specified.

The exemption set out in § 34-29 (a) (does) (does not) [strike out one] apply to this garnishment.

Given under my hand on .... , Clerk. (Code 1950, § 8-441.1; 1974, c. 104; 1977, c. 617; 1978, c. 564; 1979, c. 242; 1980, c. 537; 1981, c. 220.)

The 1978 amendment, in § 34-29 as set out in this section, substituted "subsections (b) and (b1)" for "subsection (b)" in the introductory paragraph of subsection (a), added the second sentence of subsection (2) of subsection (a), rewrote subdivision (1) of subsection (b), deleted the second paragraph of subsection (b), which read "In the case of earnings for any pay period other than a week, the State Commissioner of Labor and Industry shall by regulation prescribe a multiple of the federal minimum hourly wage equivalent in effect to that set forth in this section," added subsection (b1), and inserted "and no State agency or officer" in the first paragraph of subsection (c).

The 1979 amendment substituted "interest thereon in the sum of $ ..... and $ ...... costs; and to which judgment the sum of $ ...... has been credited;" for "with legal interest thereon from ...... until payment, and $ ...... costs;" in the first paragraph of the garnishment summons form. The amendment also added at the end of the form the provision as to the application of § 34-29 (a).

The 1980 amendment inserted "whose mailing address is ......" and "social security number ......" in the first paragraph of the form of summons and added the next-to-last paragraph of the form of summons.

The 1981 amendment substituted "on the garnishee" for "to the judgment debtor" in the second sentence of the first paragraph of § 34-29 (f) as set out in this section.

Law Review. — For an article on the need for reform of and a proposed revision of Virginia's Exemption Statutes, see 37 Wash. & Lee L. Rev. 127 (1980).

§ 8.01-512.1. Form of garnishment summons after July 1, 1980. — On and after July one, nineteen hundred eighty, all garnishment summons issued pursuant to § 8.01-511 shall be in the same form as set out in § 8.01-512. (1979, c. 242.)

§ 8.01-512.2. Fee for certain garnishee-employers. — Garnishee-employers employing more than ten thousand employees may charge

94

§ 8.01-513

**1982 CUMULATIVE SUPPLEMENT**

§ 8.01-515

and collect a fee of up to ten dollars from a judgment-debtor employee on account of such employers' expense in processing each garnishment summons served on such employers on account of the judgment-debtor employee. (1980, c. 537.)

§ 8.01-513. Service upon corporation. — Notwithstanding the provisions of §§ 13.1-11, 13.1-111, 13.1-210 and 13.1-274, if the person upon whom there is a suggestion of liability as provided in § 8.01-511 is a corporation, the summons shall be served upon an officer, or managing employee of the corporation other than an officer of the corporation, unless the judgment creditor shall file with the court a certificate that he has used due diligence and that no such officer or managing employee of the corporation other than an officer or other person authorized to accept such service can be found within the Commonwealth, in which case such summons shall be served on the registered agent of the corporation or upon the clerk of the State Corporation Commission as is otherwise provided by law. Provided, however, that service on the corporation shall not be made upon a managing employee of such corporation if such managing employee is also the judgment debtor. (Code 1950, § 8-441.2; 1974, c. 561; 1977, c. 617; 1980, c. 514.)

The 1980 amendment added the second sentence.

§ 8.01-514. When garnishment summons returnable. — The summons in garnishment shall be returnable to the general district court from which it issued not more than ninety days after the date thereof and to the circuit court from which it issued, not more than ninety days after the date thereof. When issued by a district court, such summons may be directed to a sheriff of any county or city wherein the judgment debtor resides or where the garnishment defendant resides or where either may be found and made returnable before the general district court, and shall be made returnable within ninety days at some certain place within such county or city named in such summons. (Code 1950, § 8-442; 1976, c. 659; 1977, cc. 454, 617; 1979, c. 36.)

The 1979 amendment substituted "ninety days" for "sixty days" in the first sentence and near the end of the second sentence.

§ 8.01-515. How garnishee examined; determining exemption from employee's withholding certificate; calculating amount due pursuant to exemptions in § 34-29 (a). — A person so summoned shall appear in person and be examined on oath; or he may file a statement verified by affidavit; and a corporation so summoned shall appear by an authorized agent who shall be examined on oath; or it may file a statement, not under seal, verified by affidavit of such authorized agent. Such statement shall show the amount the garnishee is indebted to the judgment debtor, if any, or what property or effects, if any, the garnishee has or holds which belongs to the judgment debtor, or in which he has an interest. If the judgment debtor or judgment creditor dispute the verity or accuracy of such statement and so desire, then summons shall issue requiring the appearance of such person or authorized agent for examination on oath, and requiring him to produce such books and papers as may be necessary to determine the fact.

In determining the exemption to which the employee is entitled, the employer may until otherwise ordered by the court rely upon the information contained in the employee's withholding exemption certificate filed by the

95