# EXHIBIT H


**LEGISLATIVE MAIL**

David Cotter <dcotter@dls.virginia.gov>

# New Bill
1 message

---

**sal@saliaquinto.com** <sal@saliaquinto.com>  Tue, Nov 22, 2011 at 6:49 AM
To: David Cotter <DCotter@dls.virginia.gov>

Mr. Cotter,

Can we have a bill drafted to do what is described below?

**Issue**: Neither the garnishment statutes or forms indicate whether a judgment creditor can request the cost of previous garnishments.
At present, the statutes and case law are silent as to whether a creditor can request the court costs for those previous garnishment attempts. GDC judges around Virginia have mixed opinions about whether a creditor can request costs of previous garnishments.

**Proposed Solution**:

Given the choice of proposing a new section of the Virginia Code or amending a current statute, we feel amendment is the way to go. We worry the concept of "brand new law" might generate more of a fight from the other side than "amendment."

As for the right section to amend, a search of the Virginia Code using only the word "garnishment" yields 63 hits. 16 of those hits are part of the implementation section from 8.01-511 et seq. The other sections have references to garnishment but no controlling aspects. Our current option is to add a new paragraph 6 to 8.01-511. We realize ultimately Legislative Services will be involved to help shape the right text and put it in the right place.

The proposed text which could become paragraph 6 of 8.01-511:
*"Costs recoverable in all garnishment proceedings. The amount of the judgment award remaining unsatisfied, as well as any post judgment costs paid to a clerk of court, a sheriff, or other authorized legal process server, but a service fee may not exceed the authorized sheriff's fee for the same service, may be chargeable to the judgment debtor and included in the judgment costs section of the garnishment suggestion and summons. This section shall not be a limitation on the costs a court may asses in a judgment award."*

Ideally, the change to 8.01-511 will be enough to authorize judgment creditors to tally it in costs on the current forms and/or we could include an accounting of prior enforcement actions.

There may be a way to push for simple amendment of the form itself through 8.01-512.3. However, any fix might require a revision of the form. And, we worry that if we go straight for an attempt to alter the form, they'll say we're causing undue expense to change the form. Also, a controlling discussion of what is owed the judgment creditor might not be a natural fit in 8.01-512.3.

Thanks

Sal

Office of Delegate Sal Iaquinto, 84th District
P.O. Box 56437
Virginia Beach, VA 23456
District: (757) 430-0102
Richmond: (804) 698-1084
www.SalIaquinto.com

Paid For and Authorized by Friends of Sal Iaquinto
Not Paid for at Taxpayers' Expense