# EXHIBIT I

Case 1:13-cv-00249-CMH-TCB  Document 7-9  Filed 06/07/13  Page 2 of 23 PageID# 97
LIS > Bill Tracking > HB286 > 2012 session

Page 1 of 1

**HB 286 Garnishment, previous; allows costs incurred by judgment creditor** another bill? ⸱ `go`
**are chargeable to judgment debtor.**
Salvatore R. Iaquinto | all patrons  ...  notes | add to my profiles

*Summary as passed: (all summaries)*

**Previous garnishments; costs.** Allows costs incurred by a judgment creditor in connection with a prior
garnishment to be collected in a subsequent garnishment attempt that is based on the same judgment. This bill is
identical to SB 561.

*Full text:*
01/10/12 House: Prefiled and ordered printed; offered 01/11/12 12100579D pdf
01/23/12 House: Committee substitute printed 12104123D-H1 pdf
02/27/12 House: Bill text as passed House and Senate (HB286ER) pdf
03/30/12 Governor: Acts of Assembly Chapter text (CHAP0409) pdf

*Amendments:*
Senate amendments
Senate amendments engrossed

*Status:*
01/10/12 House: Prefiled and ordered printed; offered 01/11/12 12100579D
01/10/12 House: Referred to Committee for Courts of Justice
01/13/12 House: Assigned Courts sub: Civil
01/16/12 House: Subcommittee recommends reporting with amendment(s) (9-Y 0-N)
01/23/12 House: Reported from Courts of Justice with substitute (18-Y 0-N)
01/23/12 House: Committee substitute printed 12104123D-H1
01/25/12 House: Read first time
01/26/12 House: Read second time
01/26/12 House: Committee substitute agreed to 12104123D-H1
01/26/12 House: Engrossed by House - committee substitute HB286H1
01/27/12 House: Passed by for the day
01/30/12 House: Read third time and passed House (80-Y 19-N)
01/30/12 House: VOTE: PASSAGE (80-Y 19-N)
01/31/12 Senate: Constitutional reading dispensed
01/31/12 Senate: Referred to Committee for Courts of Justice
02/15/12 Senate: Reported from Courts of Justice with amendment (9-Y 4-N)
02/17/12 Senate: Constitutional reading dispensed (40-Y 0-N)
02/20/12 Senate: Read third time
02/20/12 Senate: Reading of amendment waived
02/20/12 Senate: Committee amendment agreed to
02/20/12 Senate: Engrossed by Senate as amended
02/20/12 Senate: Passed Senate with amendment (40-Y 0-N)
02/21/12 House: Placed on Calendar
02/22/12 House: Senate amendment agreed to by House (98-Y 0-N)
02/22/12 House: VOTE: ADOPTION (98-Y 0-N)
02/27/12 House: Enrolled
02/27/12 House: Bill text as passed House and Senate (HB286ER)
02/27/12 House: Signed by Speaker
02/28/12 Senate: Signed by President
03/30/12 Governor: Approved by Governor-Chapter 409 (effective 7/1/12)
03/30/12 Governor: Acts of Assembly Chapter text (CHAP0409)

## HB 286 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.

another bill?  [go]

Salvatore R. Iaquinto | all patrons  ...  notes | add to my profiles

*Summary as passed: (all summaries)*

**Previous garnishments; costs.** Allows costs incurred by a judgment creditor in connection with a prior garnishment to be collected in a subsequent garnishment attempt that is based on the same judgment. This bill is identical to SB 561.

*Full text:*
01/10/12  House: Prefiled and ordered printed; offered 01/11/12 12100579D  pdf
01/23/12  House: Committee substitute printed 12104123D-H1  pdf
02/27/12  House: Bill text as passed House and Senate (HB286ER)  pdf
03/30/12  Governor: Acts of Assembly Chapter text (CHAP0409)  pdf

*Amendments:*
Senate amendments
Senate amendments engrossed

*Status:*
01/10/12  House: Prefiled and ordered printed; offered 01/11/12 12100579D
01/10/12  House: Referred to Committee for Courts of Justice
01/13/12  House: Assigned Courts sub: Civil
01/16/12  House: Subcommittee recommends reporting with amendment(s) (9-Y 0-N)
01/23/12  House: Reported from Courts of Justice with substitute (18-Y 0-N)
01/23/12  House: Committee substitute printed 12104123D-H1
01/25/12  House: Read first time
01/26/12  House: Read second time
01/26/12  House: Committee substitute agreed to 12104123D-H1
01/26/12  House: Engrossed by House - committee substitute HB286H1
01/27/12  House: Passed by for the day
01/30/12  House: Read third time and passed House (80-Y 19-N)
01/30/12  House: VOTE: PASSAGE (80-Y 19-N)
01/31/12  Senate: Constitutional reading dispensed
01/31/12  Senate: Referred to Committee for Courts of Justice
02/15/12  Senate: Reported from Courts of Justice with amendment (9-Y 4-N)
02/17/12  Senate: Constitutional reading dispensed (40-Y 0-N)
02/20/12  Senate: Read third time
02/20/12  Senate: Reading of amendment waived
02/20/12  Senate: Committee amendment agreed to
02/20/12  Senate: Engrossed by Senate as amended
02/20/12  Senate: Passed Senate with amendment (40-Y 0-N)
02/21/12  House: Placed on Calendar
02/22/12  House: Senate amendment agreed to by House (98-Y 0-N)
02/22/12  House: VOTE: ADOPTION (98-Y 0-N)
02/27/12  House: Enrolled
02/27/12  House: Bill text as passed House and Senate (HB286ER)
02/27/12  House: Signed by Speaker
02/28/12  Senate: Signed by President
03/30/12  Governor: Approved by Governor-Chapter 409 (effective 7/1/12)
03/30/12  Governor: Acts of Assembly Chapter text (CHAP0409)

**2012 SESSION**

**INTRODUCED**

12100579D

| | |
|---|---|
| 1 | **HOUSE BILL NO. 286** |
| 2 | Offered January 11, 2012 |
| 3 | Prefiled January 10, 2012 |
| 4 | *A BILL to amend and reenact § 8.01-511 of the Code of Virginia, relating to previous garnishments;* |
| 5 | *costs.* |
| 6 | |

Patron—Iaquinto

7

8        Referred to Committee for Courts of Justice

9

10   **Be it enacted by the General Assembly of Virginia:**

11   1. That § 8.01-511 of the Code of Virginia is amended and reenacted as follows:

12    § 8.01-511. Institution of garnishment proceedings.

13    On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there
14 is a liability on any person other than the judgment debtor or that there is in the hands of some person
15 in his capacity as personal representative of some decedent a sum of money to which a judgment debtor
16 is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such
17 writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of
18 the clerk's office of the court from which an execution on the judgment is issued so long as the
19 judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to
20 which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or
21 (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. The
22 summons and the notice and claim for exemption form required pursuant to § 8.01-512.4 shall be served
23 on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee.
24 Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of
25 § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the
26 suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish
27 the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with
28 an envelope, with first-class postage attached, addressed to such address. A copy of the summons and
29 the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the
30 sheriff or provided by the judgment creditor to the person making service, with the process to be served.
31 Promptly after service on the garnishee, the person making service shall mail such envelope by
32 first-class mail to the judgment debtor at his last known address. If the person making service is unable
33 to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the
34 mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his
35 return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be
36 sufficient proof of the mailing of such envelope with the required copy of the summons and the notice
37 and claim for exemption form with no examination of such contents being required nor separate
38 certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If
39 the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of
40 § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment
41 creditor shall furnish the social security number of the judgment debtor to the clerk, except as
42 hereinafter provided.

43    The judgment creditor may require the judgment debtor to furnish his correct social security number
44 by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a
45 judgment creditor's diligent good faith effort to secure the judgment debtor's social security number.
46 Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.

47    Except as hereinafter provided, no summons shall be issued pursuant to this section for the
48 garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by
49 § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii)
50 contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in
51 the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the
52 judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the
53 judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not
54 specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with
55 this provision, the garnishee shall file a written answer to that effect and shall have no liability to the
56 judgment creditor, such summons being void upon transmission of the answer.

57    However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a
58 business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based

INTRODUCED

HB286

2/3/12 13:25

59 on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment
60 creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the social
61 security number of the judgment debtor and has been unable to do so, the garnishment shall be issued
62 without the necessity for such number. In such cases, if the judgment debtor's correct social security
63 number is not shown in the place provided on the summons, and the judgment debtor's name and
64 address as shown on the garnishment summons do not match the name and current address of any
65 employee as shown on the current payroll records of the garnishee, the garnishee shall file a written
66 answer to that effect and shall have no liability to the judgment creditor, such summons being void upon
67 transmission of the answer.

68     The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed
69 to be due upon the judgment, calculated to the return day of the summons. He shall also set out such
70 credits as may have been made upon the judgment.

71     *If a prior summons has been issued on the judgment that has not been fully satisfied, all costs*
72 *incurred by the judgment creditor related to such prior summons and paid to a clerk of court, sheriff, or*
73 *process server, provided that the fee of the process server does not exceed the fee authorized for service*
74 *by the sheriff, are chargeable against the judgment debtor in any subsequent garnishment based on the*
75 *same judgment. Such costs may be included by the judgment creditor as judgment costs in the*
76 *garnishment summons form prescribed in § 8.01-512.3. This paragraph shall not be construed to limit*
77 *any cost assessed by a court as part of the judgment.*

78     No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his
79 assignee against the wages of a judgment debtor unless the judgment creditor, or his agent or attorney,
80 shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a
81 business, trade, or professional credit transaction entered into on or after January 1, 1984, or (ii) does
82 not involve a business, trade, or professional credit transaction entered into on or after January 1, 1984,
83 and a diligent good faith effort has been made by the judgment creditor, or his agent or attorney, to
84 secure the social security number of the judgment debtor.

85     In addition, the suggestion shall contain an allegation that:

86     1. The summons is based upon a judgment upon which a prior summons has been issued but not
87 fully satisfied; or

88     2. No summons has been issued upon his suggestion against the same judgment debtor within a
89 period of 18 months, other than under the provisions of subdivision 1; or

90     3. The summons is based upon a judgment granted against a debtor upon a debt due or made for
91 necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care
92 supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for
93 luxuries or nonessentials; or

94     4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful
95 loan made by an authorized lending institution; or

96     5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon
97 a lawful note; or

98     6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

99     Any judgment creditor who knowingly gives false information upon any such suggestion or
100 certificate made under this chapter shall be guilty of a Class 1 misdemeanor.

**2012 SESSION**

12104123D

1
2                                              **HOUSE BILL NO. 286**
3                              AMENDMENT IN THE NATURE OF A SUBSTITUTE
4                           (Proposed by the House Committee for Courts of Justice
5                                             on January 23, 2012)
6                              (Patron Prior to Substitute—Delegate Iaquinto)
7     *A BILL to amend and reenact § 8.01-511 of the Code of Virginia, relating to previous garnishments;*
8     *costs.*
9          Be it enacted by the General Assembly of Virginia:
10         **1. That § 8.01-511 of the Code of Virginia is amended and reenacted as follows:**
11         § 8.01-511. Institution of garnishment proceedings.
12         On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there
13    is a liability on any person other than the judgment debtor or that there is in the hands of some person
14    in his capacity as personal representative of some decedent a sum of money to which a judgment debtor
15    is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such
16    writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of
17    the clerk's office of the court from which an execution on the judgment is issued so long as the
18    judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to
19    which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or
20    (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. The
21    summons and the notice and claim for exemption form required pursuant to § 8.01-512.4 shall be served
22    on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee.
23    Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of
24    § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the
25    suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish
26    the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with
27    an envelope, with first-class postage attached, addressed to such address. A copy of the summons and
28    the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the
29    sheriff or provided by the judgment creditor to the person making service, with the process to be served.
30    Promptly after service on the garnishee, the person making service shall mail such envelope by
31    first-class mail to the judgment debtor at his last known address. If the person making service is unable
32    to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the
33    mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his
34    return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be
35    sufficient proof of the mailing of such envelope with the required copy of the summons and the notice
36    and claim for exemption form with no examination of such contents being required nor separate
37    certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If
38    the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of
39    § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment
40    creditor shall furnish the social security number of the judgment debtor to the clerk, except as
41    hereinafter provided.
42         The judgment creditor may require the judgment debtor to furnish his correct social security number
43    by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a
44    judgment creditor's diligent good faith effort to secure the judgment debtor's social security number.
45    Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.
46         Except as hereinafter provided, no summons shall be issued pursuant to this section for the
47    garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by
48    § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii)
49    contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in
50    the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the
51    judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the
52    judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not
53    specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with
54    this provision, the garnishee shall file a written answer to that effect and shall have no liability to the
55    judgment creditor, such summons being void upon transmission of the answer.
56         However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a
57    business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based
58    on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment
59    creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the social
60    security number of the judgment debtor and has been unable to do so, the garnishment shall be issued

60  without the necessity for such number. In such cases, if the judgment debtor's correct social security
61  number is not shown in the place provided on the summons, and the judgment debtor's name and
62  address as shown on the garnishment summons do not match the name and current address of any
63  employee as shown on the current payroll records of the garnishee, the garnishee shall file a written
64  answer to that effect and shall have no liability to the judgment creditor, such summons being void upon
65  transmission of the answer.
66      The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed
67  to be due upon the judgment, calculated to the return day of the summons. He shall also set out such
68  credits as may have been made upon the judgment.
69      *All costs incurred by the judgment creditor after entry of the judgment, in aid of execution of the*
70  *judgment and paid to a clerk of court, sheriff, or process server are chargeable against the judgment*
71  *debtor, unless such costs are chargeable against the judgment creditor pursuant to § 8.01-475.*
72  *Regardless of the actual amount of the fee paid by the judgment creditor, the fee for a process server*
73  *chargeable against the judgment debtor shall not exceed the fee authorized for service by the sheriff. All*
74  *such previous costs chargeable against the judgment debtor may be included by the judgment creditor*
75  *as judgment costs in the garnishment summons form prescribed in § 8.01-512.3. This paragraph shall*
76  *not be construed to limit any cost assessed by a court as part of the judgment.*
77      No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his
78  assignee against the wages of a judgment debtor unless the judgment creditor, or his agent or attorney,
79  shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a
80  business, trade, or professional credit transaction entered into on or after January 1, 1984, or (ii) does
81  not involve a business, trade, or professional credit transaction entered into on or after January 1, 1984,
82  and a diligent good faith effort has been made by the judgment creditor, or his agent or attorney, to
83  secure the social security number of the judgment debtor.
84      In addition, the suggestion shall contain an allegation that:
85      1. The summons is based upon a judgment upon which a prior summons has been issued but not
86  fully satisfied; or
87      2. No summons has been issued upon his suggestion against the same judgment debtor within a
88  period of 18 months, other than under the provisions of subdivision 1; or
89      3. The summons is based upon a judgment granted against a debtor upon a debt due or made for
90  necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care
91  supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for
92  luxuries or nonessentials; or
93      4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful
94  loan made by an authorized lending institution; or
95      5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon
96  a lawful note; or
97      6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.
98      Any judgment creditor who knowingly gives false information upon any such suggestion or
99  certificate made under this chapter shall be guilty of a Class 1 misdemeanor.
100  **2. That the provisions of this act shall apply to summonses issued on or after January 1, 2007.**

**2012 SESSION**

**ENROLLED**

1          **VIRGINIA ACTS OF ASSEMBLY — CHAPTER**

2    *An Act to amend and reenact § 8.01-511 of the Code of Virginia, relating to previous garnishments;*
3    *costs.*

4                                                                                  **[H 286]**
5                                           Approved

6      **Be it enacted by the General Assembly of Virginia:**
7      1. That § 8.01-511 of the Code of Virginia is amended and reenacted as follows:
8        § 8.01-511. Institution of garnishment proceedings.
9        On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there
10  is a liability on any person other than the judgment debtor or that there is in the hands of some person
11  in his capacity as personal representative of some decedent a sum of money to which a judgment debtor
12  is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such
13  writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of
14  the clerk's office of the court from which an execution on the judgment is issued so long as the
15  judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to
16  which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or
17  (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. The
18  summons and the notice and claim for exemption form required pursuant to § 8.01-512.4 shall be served
19  on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee.
20  Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of
21  § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the
22  suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish
23  the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with
24  an envelope, with first-class postage attached, addressed to such address. A copy of the summons and
25  the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the
26  sheriff or provided by the judgment creditor to the person making service, with the process to be served.
27  Promptly after service on the garnishee, the person making service shall mail such envelope by
28  first-class mail to the judgment debtor at his last known address. If the person making service is unable
29  to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the
30  mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his
31  return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be
32  sufficient proof of the mailing of such envelope with the required copy of the summons and the notice
33  and claim for exemption form with no examination of such contents being required nor separate
34  certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If
35  the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of
36  § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment
37  creditor shall furnish the social security number of the judgment debtor to the clerk, except as
38  hereinafter provided.
39       The judgment creditor may require the judgment debtor to furnish his correct social security number
40  by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a
41  judgment creditor's diligent good faith effort to secure the judgment debtor's social security number.
42  Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.
43       Except as hereinafter provided, no summons shall be issued pursuant to this section for the
44  garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by
45  § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii)
46  contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in
47  the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the
48  judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the
49  judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not
50  specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with
51  this provision, the garnishee shall file a written answer to that effect and shall have no liability to the
52  judgment creditor, such summons being void upon transmission of the answer.
53       However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a
54  business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based
55  on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment
56  creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the social

57 security number of the judgment debtor and has been unable to do so, the garnishment shall be issued
58 without the necessity for such number. In such cases, if the judgment debtor's correct social security
59 number is not shown in the place provided on the summons, and the judgment debtor's name and
60 address as shown on the garnishment summons do not match the name and current address of any
61 employee as shown on the current payroll records of the garnishee, the garnishee shall file a written
62 answer to that effect and shall have no liability to the judgment creditor, such summons being void upon
63 transmission of the answer.
64     The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed
65 to be due upon the judgment, calculated to the return day of the summons. He shall also set out such
66 credits as may have been made upon the judgment.
67     *All costs incurred by the judgment creditor after entry of the judgment, in aid of execution of the*
68 *judgment and paid to a clerk of court, sheriff, or process server are chargeable against the judgment*
69 *debtor, unless such costs are chargeable against the judgment creditor pursuant to § 8.01-475.*
70 *Regardless of the actual amount of the fee paid by the judgment creditor, the fee for a process server*
71 *chargeable against the judgment debtor shall not exceed the fee authorized for service by the sheriff. All*
72 *such previous costs chargeable against the judgment debtor may be included by the judgment creditor*
73 *as judgment costs in the garnishment summons form prescribed in § 8.01-512.3. This paragraph shall*
74 *not be construed to limit any cost assessed by a court as part of the judgment.*
75     No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his
76 assignee against the wages of a judgment debtor unless the judgment creditor, or his agent or attorney,
77 shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a
78 business, trade, or professional credit transaction entered into on or after January 1, 1984, or (ii) does
79 not involve a business, trade, or professional credit transaction entered into on or after January 1, 1984,
80 and a diligent good faith effort has been made by the judgment creditor, or his agent or attorney, to
81 secure the social security number of the judgment debtor.
82     In addition, the suggestion shall contain an allegation that:
83     1. The summons is based upon a judgment upon which a prior summons has been issued but not
84 fully satisfied; or
85     2. No summons has been issued upon his suggestion against the same judgment debtor within a
86 period of 18 months, other than under the provisions of subdivision 1; or
87     3. The summons is based upon a judgment granted against a debtor upon a debt due or made for
88 necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care
89 supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for
90 luxuries or nonessentials; or
91     4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful
92 loan made by an authorized lending institution; or
93     5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon
94 a lawful note; or
95     6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.
96     Any judgment creditor who knowingly gives false information upon any such suggestion or
97 certificate made under this chapter shall be guilty of a Class 1 misdemeanor.

# VIRGINIA ACTS OF ASSEMBLY -- 2012 SESSION

## CHAPTER 409

*An Act to amend and reenact § 8.01-511 of the Code of Virginia, relating to previous garnishments; costs.*

[H 286]

Approved March 30, 2012

**Be it enacted by the General Assembly of Virginia:**
1. That § 8.01-511 of the Code of Virginia is amended and reenacted as follows:
   § 8.01-511. Institution of garnishment proceedings.
   On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there is a liability on any person other than the judgment debtor or that there is in the hands of some person in his capacity as personal representative of some decedent a sum of money to which a judgment debtor is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of the clerk's office of the court from which an execution on the judgment is issued so long as the judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. The summons and the notice and claim for exemption form required pursuant to § 8.01-512.4 shall be served on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee. Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with an envelope, with first-class postage attached, addressed to such address. A copy of the summons and the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the sheriff or provided by the judgment creditor to the person making service, with the process to be served. Promptly after service on the garnishee, the person making service shall mail such envelope by first-class mail to the judgment debtor at his last known address. If the person making service is unable to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be sufficient proof of the mailing of such envelope with the required copy of the summons and the notice and claim for exemption form with no examination of such contents being required nor separate certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment creditor shall furnish the social security number of the judgment debtor to the clerk, except as hereinafter provided.
   The judgment creditor may require the judgment debtor to furnish his correct social security number by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a judgment creditor's diligent good faith effort to secure the judgment debtor's social security number. Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.
   Except as hereinafter provided, no summons shall be issued pursuant to this section for the garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii) contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with this provision, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.
   However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the social security number of the judgment debtor and has been unable to do so, the garnishment shall be issued without the necessity for such number. In such cases, if the judgment debtor's correct social security

number is not shown in the place provided on the summons, and the judgment debtor's name and address as shown on the garnishment summons do not match the name and current address of any employee as shown on the current payroll records of the garnishee, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.

The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed to be due upon the judgment, calculated to the return day of the summons. He shall also set out such credits as may have been made upon the judgment.

*All costs incurred by the judgment creditor after entry of the judgment, in aid of execution of the judgment and paid to a clerk of court, sheriff, or process server are chargeable against the judgment debtor, unless such costs are chargeable against the judgment creditor pursuant to § 8.01-475. Regardless of the actual amount of the fee paid by the judgment creditor, the fee for a process server chargeable against the judgment debtor shall not exceed the fee authorized for service by the sheriff. All such previous costs chargeable against the judgment debtor may be included by the judgment creditor as judgment costs in the garnishment summons form prescribed in § 8.01-512.3. This paragraph shall not be construed to limit any cost assessed by a court as part of the judgment.*

No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his assignee against the wages of a judgment debtor unless the judgment creditor, or his agent or attorney, shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a business, trade, or professional credit transaction entered into on or after January 1, 1984, or (ii) does not involve a business, trade, or professional credit transaction entered into on or after January 1, 1984, and a diligent good faith effort has been made by the judgment creditor, or his agent or attorney, to secure the social security number of the judgment debtor.

In addition, the suggestion shall contain an allegation that:

1. The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

2. No summons has been issued upon his suggestion against the same judgment debtor within a period of 18 months, other than under the provisions of subdivision 1; or

3. The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

Any judgment creditor who knowingly gives false information upon any such suggestion or certificate made under this chapter shall be guilty of a Class 1 misdemeanor.

(HB286)

AMENDMENT(S) PROPOSED BY THE SENATE

COURTS OF JUSTICE

    1. Line 100, engrossed, at the beginning of the line

        strike

            2.  That the provisions of this act shall apply to summonses issued on or after January 1, 2007.

---

**Legislative Information System**

(HB286)

AMENDMENT(S) PROPOSED BY THE SENATE

COURTS OF JUSTICE

    1. Line 100, engrossed, at the beginning of the line

       strike

          2. That the provisions of this act shall apply to summonses issued on or after January 1, 2007.

---

**Legislative Information System**

**Virginia General Assembly LEGISLATIVE INFORMATION SYSTEM** 

| LIS Home | LIS Help | Privacy Statement | Live Help |

## House Courts of Justice

Log in                    `go`

**Membership:** Albo (Chairman), Kilgore, Bell, Robert B., Cline, Iaquinto, Gilbert, Miller, Loupassi, Villanueva, Habeeb, Farrell, Minchew, Morris, Johnson, Watts, Toscano, Herring, McClellan

**Meets:** *Monday, Wednesday and Friday, 1/2 hour after adjournment, House Room C*

Committee dockets

**Committee Legislation:**
- Referred
- In committee
- In sub-committee
- Reported out
- Continued
- Failed

**Sub-Committees:**
- #1 Criminal
- #2 Civil
- #3 Immigration
- #4 Judicial Appointments
- #5 Mental Health
- #6 Evidence

9



**Virginia General Assembly LEGISLATIVE INFORMATION SYSTEM**

| LIS Home | LIS Help | Privacy Statement | Live Help |

## House Courts of Justice
### Sub-Committee: #2 Civil

Log in     go

**Membership:** Iaquinto (Chairman), Kilgore, Loupassi, Habeeb, Farrell, Minchew, Johnson, Toscano, McClellan

**Meets:** *Monday, 1/2 hour after adjournment, House Room D*

Agendas | Subcommittee Reports

## Sub-Committee dockets:

- February 22, 2012
- February 10, 2012
- February 1, 2012
- January 30, 2012
- January 25, 2012
- January 23, 2012
- January 18, 2012
- January 16, 2012

**Legislation in sub-committee:** (registered users: create report or comma-delimited file)

(none at this time)

**HB 286 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.**
**01/13/12  House: Assigned Courts sub: Civil**
**01/16/12  House: Subcommittee recommends reporting with amendment(s) (9-Y 0-N)**

YEAS--Iaquinto, Kilgore, Loupassi, Habeeb, Farrell, Minchew, Johnson, Toscano, McClellan--9.

NAYS--0.

ABSTENTIONS--0.

NOT VOTING--0.

**Legislative Information System | Bills & Resolutions**

**HB 286 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.**

**01/23/12  House: Reported from Courts of Justice with substitute (18-Y 0-N)**

YEAS--Albo, Kilgore, Bell, Robert B., Cline, Iaquinto, Gilbert, Miller, Loupassi, Villanueva, Habeeb, Farrell, Minchew, Morris, Johnson, Watts, Toscano, Herring, McClellan--18.

NAYS--0.

ABSTENTIONS--0.

NOT VOTING--0.

**Legislative Information System | Bills & Resolutions**

**HB 286 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.**

floor: 01/30/12 House: VOTE: PASSAGE (80-Y 19-N)

YEAS--Albo, Alexander, Anderson, BaCote, Bell, Richard P., Bell, Robert B., Bulova, Byron, Cline, Cole, Comstock, Cosgrove, Cox, J.A., Cox, M.K., Crockett-Stark, Dudenhefer, Edmunds, Englin, Fariss, Farrell, Garrett, Gilbert, Greason, Habeeb, Head, Helsel, Hodges, Howell, A.T., Hugo, Iaquinto, Ingram, James, Joannou, Johnson, Jones, Keam, Kilgore, Knight, Landes, LeMunyon, Lewis, Lingamfelter, Loupassi, Marshall, D.W., Marshall, R.G., Massie, May, McQuinn, Merricks, Miller, Minchew, Morefield, Morris, O'Bannon, O'Quinn, Orrock, Peace, Pogge, Poindexter, Purkey, Putney, Ramadan, Ransone, Robinson, Rush, Rust, Scott, E.T., Sherwood, Stolle, Tata, Torian, Villanueva, Ware, O., Ware, R.L., Watson, Webert, Wilt, Wright, Yancey, Yost--80.

NAYS--Brink, Carr, Dance, Filler-Corn, Herring, Hope, Kory, Lopez, Morrissey, Plum, Scott, J.M., Sickles, Spruill, Surovell, Toscano, Tyler, Ward, Watts, Mr. Speaker--19.

ABSTENTIONS--0.

NOT VOTING--McClellan--1.

Delegate BaCote was recorded as yea.   Intended to vote nay.

Delegate James was recorded as yea.   Intended to vote nay.

Delegate McQuinn was recorded as yea.   Intended to vote nay.

**Legislative Information System | Bills & Resolutions**

**Virginia General Assembly** — LEGISLATIVE INFORMATION SYSTEM

| LIS Home | LIS Help | Privacy Statement | Live Help |

## Senate Courts of Justice

Log in 

**Membership:** Norment (Chairman), Saslaw, Marsh, Howell, Lucas, Edwards, Puller, Obenshain, McDougle, McEachin, Stuart, Vogel, Stanley, Reeves, Garrett

**Meets:** *Monday, 8:00 a.m. and Wednesday, 1/2 hour after adjournment, Senate Room B*

Committee dockets

**Committee Legislation:**

- Referred
- In committee
- In sub-committee
- Reported out
- Continued
- Failed

**Sub-Committees:**

(none)

**HB 286 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.**
**02/15/12 Senate: Reported from Courts of Justice with amendment (9-Y 4-N)**

YEAS--Marsh, Howell, Lucas, Edwards, Puller, McEachin, Vogel, Stanley, Reeves--9.

NAYS--Norment, Obenshain, McDougle, Garrett--4.

ABSTENTIONS--0.

**Legislative Information System | Bills & Resolutions**

**HB 286 Garnishment, previous; allows costs incurred by judgment creditor are**    log in | tally sheet
**chargeable to judgment debtor.**

**floor: 02/17/12  Senate: Constitutional reading dispensed (40-Y 0-N)**

---

YEAS--Barker, Black, Blevins, Carrico, Colgan, Deeds, Ebbin, Edwards, Favola, Garrett, Hanger, Herring, Howell, Locke, Lucas, Marsden, Marsh, Martin, McDougle, McEachin, McWaters, Miller, J.C., Miller, Y.B., Newman, Norment, Northam, Obenshain, Petersen, Puckett, Puller, Reeves, Ruff, Saslaw, Smith, Stanley, Stosch, Stuart, Vogel, Wagner, Watkins--40.

NAYS--0.

RULE 36--0.

NOT VOTING--0.

---

**Legislative Information System | Bills & Resolutions**

**HB 286 Garnishment, previous; allows costs incurred by judgment creditor are**    log in | tally sheet
**chargeable to judgment debtor.**

**floor: 02/20/12  Senate: Passed Senate with amendment (40-Y 0-N)**

---

YEAS--Barker, Black, Blevins, Carrico, Colgan, Deeds, Ebbin, Edwards, Favola, Garrett, Hanger, Herring, Howell, Locke, Lucas, Marsden, Marsh, Martin, McDougle, McEachin, McWaters, Miller, J.C., Miller, Y.B., Newman, Norment, Northam, Obenshain, Petersen, Puckett, Puller, Reeves, Ruff, Saslaw, Smith, Stanley, Stosch, Stuart, Vogel, Wagner, Watkins--40.

NAYS--0.

RULE 36--0.

NOT VOTING--0.

---

**Legislative Information System | Bills & Resolutions**

**HB 286 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.**
floor: 02/22/12 House: VOTE: ADOPTION (98-Y 0-N)

---

YEAS--Albo, Anderson, BaCote, Bell, Richard P., Brink, Bulova, Byron, Carr, Cline, Cole, Comstock, Cosgrove, Cox, J.A., Cox, M.K., Crockett-Stark, Dance, Dudenhefer, Edmunds, Englin, Fariss, Farrell, Filler-Corn, Garrett, Gilbert, Greason, Habeeb, Head, Helsel, Herring, Hodges, Hope, Howell, A.T., Hugo, Iaquinto, Ingram, James, Joannou, Johnson, Jones, Keam, Kilgore, Knight, Kory, Landes, LeMunyon, Lewis, Lingamfelter, Lopez, Loupassi, Marshall, D.W., Marshall, R.G., Massie, May, McClellan, McQuinn, Merricks, Miller, Minchew, Morefield, Morris, Morrissey, O'Bannon, O'Quinn, Orrock, Peace, Plum, Pogge, Poindexter, Purkey, Putney, Ramadan, Ransone, Robinson, Rush, Rust, Scott, E.T., Scott, J.M., Sherwood, Sickles, Spruill, Stolle, Surovell, Tata, Torian, Toscano, Tyler, Villanueva, Ward, Ware, O., Ware, R.L., Watson, Watts, Webert, Wilt, Wright, Yancey, Yost, Mr. Speaker--98.

NAYS--0.

ABSTENTIONS--0.

NOT VOTING--Alexander, Bell, Robert B.--2.

Delegate Alexander was recorded as not voting.  Intended to vote yea.

Delegate Bell, Robert B. was recorded as not voting.  Intended to vote yea.

Delegate McQuinn was recorded as yea.  Intended to vote nay.

Delegate Tyler was recorded as yea.  Intended to vote nay.

---

**Legislative Information System | Bills & Resolutions**