# EXHIBIT J

**SB 561 Garnishment, previous; allows costs incurred by judgment creditor** another bill?  go
**are chargeable to judgment debtor.**
Mark D. Obenshain | all patrons   ...   notes | add to my profiles

*1    Summary as passed Senate: (all summaries)*

**Previous garnishments; costs.** Allows costs incurred by a judgment creditor in connection with a prior garnishment to be collected in a subsequent garnishment attempt that is based on the same judgment. This bill is identical to HB 286.

*Full text:*
2    01/17/12 Senate: Presented and ordered printed 12103342D  pdf
3    02/06/12 Senate: Committee substitute printed 12105096D-S1  pdf
4    02/22/12 Senate: Bill text as passed Senate and House (SB561ER)  pdf
5    03/06/12 Governor: Acts of Assembly Chapter text (CHAP0127)  pdf

*Amendments:*
6    House amendments
7    House amendments rejected

*Status:*
     01/17/12 Senate: Presented and ordered printed 12103342D
8    01/17/12 Senate: Referred to Committee for Courts of Justice
     02/06/12 Senate: Committee substitute printed 12105096D-S1
9    02/06/12 Senate: Reported from Courts of Justice with substitute (14-Y 0-N)
10   02/07/12 Senate: Constitutional reading dispensed (40-Y 0-N)
     02/08/12 Senate: Read second time
     02/08/12 Senate: Reading of substitute waived
     02/08/12 Senate: Committee substitute agreed to 12105096D-S1
     02/08/12 Senate: Engrossed by Senate - committee substitute SB561S1
11   02/09/12 Senate: Read third time and passed Senate (40-Y 0-N)
     02/13/12 House: Placed on Calendar
     02/13/12 House: Read first time
12   02/13/12 House: Referred to Committee for Courts of Justice
13   02/15/12 House: Reported from Courts of Justice with amendment (14-Y 4-N)
     02/17/12 House: Read second time
     02/20/12 House: Read third time
     02/20/12 House: Committee amendment rejected
     02/20/12 House: Passed House (98-Y 0-N)
14   02/20/12 House: VOTE: PASSAGE (98-Y 0-N)
     02/22/12 Senate: Enrolled
     02/22/12 Senate: Bill text as passed Senate and House (SB561ER)
     02/22/12 Senate: Signed by President
     02/22/12 House: Signed by Speaker
     03/06/12 Governor: Approved by Governor-Chapter 127 (effective 7/1/12)
     03/06/12 Governor: Acts of Assembly Chapter text (CHAP0127)

## SB 561 Garnishment, previous; allows costs incurred by judgment creditor another bill? go
## are chargeable to judgment debtor.
Mark D. Obenshain | all patrons  ...  notes | add to my profiles

*Summary as passed Senate: (all summaries)*

**Previous garnishments; costs.** Allows costs incurred by a judgment creditor in connection with a prior garnishment to be collected in a subsequent garnishment attempt that is based on the same judgment. This bill is identical to HB 286.

*Full text:*
01/17/12 Senate: Presented and ordered printed 12103342D  pdf
02/06/12 Senate: Committee substitute printed 12105096D-S1  pdf
02/22/12 Senate: Bill text as passed Senate and House (SB561ER)  pdf
03/06/12 Governor: Acts of Assembly Chapter text (CHAP0127)  pdf

*Amendments:*
House amendments
House amendments rejected

*Status:*
01/17/12 Senate: Presented and ordered printed 12103342D
01/17/12 Senate: Referred to Committee for Courts of Justice
02/06/12 Senate: Committee substitute printed 12105096D-S1
02/06/12 Senate: Reported from Courts of Justice with substitute (14-Y 0-N)
02/07/12 Senate: Constitutional reading dispensed (40-Y 0-N)
02/08/12 Senate: Read second time
02/08/12 Senate: Reading of substitute waived
02/08/12 Senate: Committee substitute agreed to 12105096D-S1
02/08/12 Senate: Engrossed by Senate - committee substitute SB561S1
02/09/12 Senate: Read third time and passed Senate (40-Y 0-N)
02/13/12 House: Placed on Calendar
02/13/12 House: Read first time
02/13/12 House: Referred to Committee for Courts of Justice
02/15/12 House: Reported from Courts of Justice with amendment (14-Y 4-N)
02/17/12 House: Read second time
02/20/12 House: Read third time
02/20/12 House: Committee amendment rejected
02/20/12 House: Passed House (98-Y 0-N)
02/20/12 House: VOTE: PASSAGE (98-Y 0-N)
02/22/12 Senate: Enrolled
02/22/12 Senate: Bill text as passed Senate and House (SB561ER)
02/22/12 Senate: Signed by President
02/22/12 House: Signed by Speaker
03/06/12 Governor: Approved by Governor-Chapter 127 (effective 7/1/12)
03/06/12 Governor: Acts of Assembly Chapter text (CHAP0127)

## HB 286 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.

another bill? [go]

Salvatore R. Iaquinto | all patrons   ...   notes | add to my profiles

history

*Summary as passed:*

**Previous garnishments; costs.** Allows costs incurred by a judgment creditor in connection with a prior garnishment to be collected in a subsequent garnishment attempt that is based on the same judgment. This bill is identical to SB 561.

*Summary as passed House:*

**Previous garnishments; costs.** Allows costs incurred by a judgment creditor in connection with a prior garnishment to be collected in a subsequent garnishment attempt that is based on the same judgment. This bill applies to all garnishment summonses issued on or after January 1, 2007.

*Summary as introduced:*
**Previous garnishments; costs.** Allows costs incurred by a judgment creditor in connection with a prior garnishment to be collected in a subsequent garnishment attempt that is based on the same judgment.

## SB 561 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.

another bill?  ·  go

**Mark D. Obenshain | all patrons   ...   notes | add to my profiles**

history

*Summary as passed Senate:*

**Previous garnishments; costs.** Allows costs incurred by a judgment creditor in connection with a prior garnishment to be collected in a subsequent garnishment attempt that is based on the same judgment. This bill is identical to HB 286.

*Summary as introduced:*

**Previous garnishments; costs.** Allows costs incurred by a judgment creditor in connection with a prior garnishment to be collected in a subsequent garnishment attempt that is based on the same judgment. The provisions of this bill apply to garnishment summonses issued on or after January 1, 2007.

**2012 SESSION**

**INTRODUCED**

12103342D

1 **SENATE BILL NO. 561**
2 Offered January 17, 2012
3 *A BILL to amend and reenact § 8.01-511 of the Code of Virginia, relating to previous garnishments;*
4 *costs.*
5

6 Patron—Obenshain
7
8 Referred to Committee for Courts of Justice
9 **Be it enacted by the General Assembly of Virginia:**
10 **1. That § 8.01-511 of the Code of Virginia is amended and reenacted as follows:**
11 § 8.01-511. Institution of garnishment proceedings.
12 On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there
13 is a liability on any person other than the judgment debtor or that there is in the hands of some person
14 in his capacity as personal representative of some decedent a sum of money to which a judgment debtor
15 is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such
16 writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of
17 the clerk's office of the court from which an execution on the judgment is issued so long as the
18 judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to
19 which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or
20 (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. The
21 summons and the notice and claim for exemption required pursuant to § 8.01-512.4 shall be served
22 on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee.
23 Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of
24 § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the
25 suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish
26 the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with
27 an envelope, with first-class postage attached, addressed to such address. A copy of the summons and
28 the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the
29 sheriff or provided by the judgment creditor to the person making service, with the process to be served.
30 Promptly after service on the garnishee, the person making service shall mail such envelope by
31 first-class mail to the judgment debtor at his last known address. If the person making service is unable
32 to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the
33 mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his
34 return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be
35 sufficient proof of the mailing of such envelope with the required copy of the summons and the notice
36 and claim for exemption form with no examination of such contents being required nor separate
37 certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If
38 the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of
39 § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment
40 creditor shall furnish the social security number of the judgment debtor to the clerk, except as
41 hereinafter provided.
42 The judgment creditor may require the judgment debtor to furnish his correct social security number
43 by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a
44 judgment creditor's diligent good faith effort to secure the judgment debtor's social security number.
45 Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.
46 Except as hereinafter provided, no summons shall be issued pursuant to this section for the
47 garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by
48 § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii)
49 contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in
50 the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the
51 judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the
52 judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not
53 specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with
54 this provision, the garnishee shall file a written answer to that effect and shall have no liability to the
55 judgment creditor, such summons being void upon transmission of the answer.
56 However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a
57 business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based
58 on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment

*Sidebar right:* INTRODUCED

*Sidebar right:* SB561

*Sidebar left:* 2/3/12 16:31

SB561                                    2 of 2

59  creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the social
60  security number of the judgment debtor and has been unable to do so, the garnishment shall be issued
61  without the necessity for such number. In such cases, if the judgment debtor's correct social security
62  number is not shown in the place provided on the summons, and the judgment debtor's name and
63  address as shown on the garnishment summons do not match the name and current address of any
64  employee as shown on the current payroll records of the garnishee, the garnishee shall file a written
65  answer to that effect and shall have no liability to the judgment creditor, such summons being void upon
66  transmission of the answer.
67      The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed
68  to be due upon the judgment, calculated to the return day of the summons. He shall also set out such
69  credits as may have been made upon the judgment.
70      *All costs incurred by the judgment creditor after entry of the judgment, in aid of execution of the*
71  *judgment and paid to a clerk of court, sheriff, or process server, provided that the fee of the process*
72  *server does not exceed the fee authorized for service by the sheriff, are chargeable against the judgment*
73  *debtor, unless such costs are chargeable against the judgment creditor pursuant to § 8.01-475. All such*
74  *previous costs chargeable against the judgment debtor may be included by the judgment creditor as*
75  *judgment costs in the garnishment summons form prescribed in § 8.01-512.3. This paragraph shall not*
76  *be construed to limit any cost assessed by a court as part of the judgment.*
77      No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his
78  assignee against the wages of a judgment debtor unless the judgment creditor, or his agent or attorney,
79  shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a
80  business, trade, or professional credit transaction entered into on or after January 1, 1984, or (ii) does
81  not involve a business, trade, or professional credit transaction entered into on or after January 1, 1984,
82  and a diligent good faith effort has been made by the judgment creditor, or his agent or attorney, to
83  secure the social security number of the judgment debtor.
84      In addition, the suggestion shall contain an allegation that:
85      1. The summons is based upon a judgment upon which a prior summons has been issued but not
86  fully satisfied; or
87      2. No summons has been issued upon his suggestion against the same judgment debtor within a
88  period of 18 months, other than under the provisions of subdivision 1; or
89      3. The summons is based upon a judgment granted against a debtor upon a debt due or made for
90  necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care
91  supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for
92  luxuries or nonessentials; or
93      4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful
94  loan made by an authorized lending institution; or
95      5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon
96  a lawful note; or
97      6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.
98      Any judgment creditor who knowingly gives false information upon any such suggestion or
99  certificate made under this chapter shall be guilty of a Class 1 misdemeanor.
100 **2. That the provisions of this act shall apply to summonses issued on or after January 1, 2007.**

**2012 SESSION**

12105096D

| | |
|---|---|
| 1 | **SENATE BILL NO. 561** |
| 2 | AMENDMENT IN THE NATURE OF A SUBSTITUTE |
| 3 | (Proposed by the Senate Committee for Courts of Justice |
| 4 | on February 6, 2012) |
| 5 | (Patron Prior to Substitute—Senator Obenshain) |
| 6 | *A BILL to amend and reenact § 8.01-511 of the Code of Virginia, relating to previous garnishments;* |
| 7 | *costs.* |
| 8 | **Be it enacted by the General Assembly of Virginia:** |
| 9 | **1. That § 8.01-511 of the Code of Virginia is amended and reenacted as follows:** |
| 10 | § 8.01-511. Institution of garnishment proceedings. |

11     On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there
12 is a liability on any person other than the judgment debtor or that there is in the hands of some person
13 in his capacity as personal representative of some decedent a sum of money to which a judgment debtor
14 is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such
15 writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of
16 the clerk's office of the court from which an execution on the judgment is issued so long as the
17 judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to
18 which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or
19 (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. The
20 summons and the notice and claim for exemption form required pursuant to § 8.01-512.4 shall be served
21 on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee.
22 Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of
23 § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the
24 suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish
25 the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with
26 an envelope, with first-class postage attached, addressed to such address. A copy of the summons and
27 the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the
28 sheriff or provided by the judgment creditor to the person making service, with the process to be served.
29 Promptly after service on the garnishee, the person making service shall mail such envelope by
30 first-class mail to the judgment debtor at his last known address. If the person making service is unable
31 to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the
32 mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his
33 return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be
34 sufficient proof of the mailing of such envelope with the required copy of the summons and the notice
35 and claim for exemption form with no examination of such contents being required nor separate
36 certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If
37 the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of
38 § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment
39 creditor shall furnish the social security number of the judgment debtor to the clerk, except as
40 hereinafter provided.

41     The judgment creditor may require the judgment debtor to furnish his correct social security number
42 by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a
43 judgment creditor's diligent good faith effort to secure the judgment debtor's social security number.
44 Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.

45     Except as hereinafter provided, no summons shall be issued pursuant to this section for the
46 garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by
47 § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii)
48 contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in
49 the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the
50 judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the
51 judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not
52 specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with
53 this provision, the garnishee shall file a written answer to that effect and shall have no liability to the
54 judgment creditor, such summons being void upon transmission of the answer.

55     However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a
56 business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based
57 on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment
58 creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the social
59 security number of the judgment debtor and has been unable to do so, the garnishment shall be issued

2/14/12 14:37

SENATE SUBSTITUTE

SB561S1

60  without the necessity for such number. In such cases, if the judgment debtor's correct social security
61  number is not shown in the place provided on the summons, and the judgment debtor's name and
62  address as shown on the garnishment summons do not match the name and current address of any
63  employee as shown on the current payroll records of the garnishee, the garnishee shall file a written
64  answer to that effect and shall have no liability to the judgment creditor, such summons being void upon
65  transmission of the answer.
66      The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed
67  to be due upon the judgment, calculated to the return day of the summons. He shall also set out such
68  credits as may have been made upon the judgment.
69      *All costs incurred by the judgment creditor after entry of the judgment, in aid of execution of the*
70  *judgment and paid to a clerk of court, sheriff, or process server are chargeable against the judgment*
71  *debtor, unless such costs are chargeable against the judgment creditor pursuant to § 8.01-475.*
72  *Regardless of the actual amount of the fee paid by the judgment creditor, the fee for a process server*
73  *chargeable against the judgment debtor shall not exceed the fee authorized for service by the sheriff. All*
74  *such previous costs chargeable against the judgment debtor may be included by the judgment creditor*
75  *as judgment costs in the garnishment summons form prescribed in § 8.01-512.3. This paragraph shall*
76  *not be construed to limit any cost assessed by a court as part of the judgment.*
77      No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his
78  assignee against the wages of a judgment debtor unless the judgment creditor, or his agent or attorney,
79  shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a
80  business, trade, or professional credit transaction entered into on or after January 1, 1984, or (ii) does
81  not involve a business, trade, or professional credit transaction entered into on or after January 1, 1984,
82  and a diligent good faith effort has been made by the judgment creditor, or his agent or attorney, to
83  secure the social security number of the judgment debtor.
84      In addition, the suggestion shall contain an allegation that:
85      1. The summons is based upon a judgment upon which a prior summons has been issued but not
86  fully satisfied; or
87      2. No summons has been issued upon his suggestion against the same judgment debtor within a
88  period of 18 months, other than under the provisions of subdivision 1; or
89      3. The summons is based upon a judgment granted against a debtor upon a debt due or made for
90  necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care
91  supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for
92  luxuries or nonessentials; or
93      4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful
94  loan made by an authorized lending institution; or
95      5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon
96  a lawful note; or
97      6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.
98      Any judgment creditor who knowingly gives false information upon any such suggestion or
99  certificate made under this chapter shall be guilty of a Class 1 misdemeanor.

4

**2012 SESSION**

ENROLLED

1   **VIRGINIA ACTS OF ASSEMBLY — CHAPTER**

2   *An Act to amend and reenact § 8.01-511 of the Code of Virginia, relating to previous garnishments;*
3   *costs.*

4                                                                                            [S 561]
5                                             Approved

6   **Be it enacted by the General Assembly of Virginia:**
7   1. That § 8.01-511 of the Code of Virginia is amended and reenacted as follows:
8       § 8.01-511. Institution of garnishment proceedings.
9       On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there
10  is a liability on any person other than the judgment debtor or that there is in the hands of some person
11  in his capacity as personal representative of some decedent a sum of money to which a judgment debtor
12  is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such
13  writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of
14  the clerk's office of the court from which an execution on the judgment is issued so long as the
15  judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to
16  which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or
17  (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. The
18  summons and the notice and claim for exemption form required pursuant to § 8.01-512.4 shall be served
19  on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee.
20  Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of
21  § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the
22  suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish
23  the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with
24  an envelope, with first-class postage attached, addressed to such address. A copy of the summons and
25  the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the
26  sheriff or provided by the judgment creditor to the person making service, with the process to be served.
27  Promptly after service on the garnishee, the person making service shall mail such envelope by
28  first-class mail to the judgment debtor at his last known address. If the person making service is unable
29  to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the
30  mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his
31  return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be
32  sufficient proof of the mailing of such envelope with the required copy of the summons and the notice
33  and claim for exemption form with no examination of such contents being required nor separate
34  certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If
35  the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of
36  § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment
37  creditor shall furnish the social security number of the judgment debtor to the clerk, except as
38  hereinafter provided.
39      The judgment creditor may require the judgment debtor to furnish his correct social security number
40  by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a
41  judgment creditor's diligent good faith effort to secure the judgment debtor's social security number.
42  Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.
43      Except as hereinafter provided, no summons shall be issued pursuant to this section for the
44  garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by
45  § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii)
46  contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in
47  the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the
48  judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the
49  judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not
50  specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with
51  this provision, the garnishee shall file a written answer to that effect and shall have no liability to the
52  judgment creditor, such summons being void upon transmission of the answer.
53      However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a
54  business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based
55  on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment
56  creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the social

57  security number of the judgment debtor and has been unable to do so, the garnishment shall be issued
58  without the necessity for such number. In such cases, if the judgment debtor's correct social security
59  number is not shown in the place provided on the summons, and the judgment debtor's name and
60  address as shown on the garnishment summons do not match the name and current address of any
61  employee as shown on the current payroll records of the garnishee, the garnishee shall file a written
62  answer to that effect and shall have no liability to the judgment creditor, such summons being void upon
63  transmission of the answer.

64      The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed
65  to be due upon the judgment, calculated to the return day of the summons. He shall also set out such
66  credits as may have been made upon the judgment.

67      *All costs incurred by the judgment creditor after entry of the judgment, in aid of execution of the*
68  *judgment and paid to a clerk of court, sheriff, or process server are chargeable against the judgment*
69  *debtor, unless such costs are chargeable against the judgment creditor pursuant to § 8.01-475.*
70  *Regardless of the actual amount of the fee paid by the judgment creditor, the fee for a process server*
71  *chargeable against the judgment debtor shall not exceed the fee authorized for service by the sheriff. All*
72  *such previous costs chargeable against the judgment debtor may be included by the judgment creditor*
73  *as judgment costs in the garnishment summons form prescribed in § 8.01-512.3. This paragraph shall*
74  *not be construed to limit any cost assessed by a court as part of the judgment.*

75      No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his
76  assignee against the wages of a judgment debtor unless the judgment creditor, or his agent or attorney,
77  shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a
78  business, trade, or professional credit transaction entered into on or after January 1, 1984, or (ii) does
79  not involve a business, trade, or professional credit transaction entered into on or after January 1, 1984,
80  and a diligent good faith effort has been made by the judgment creditor, or his agent or attorney, to
81  secure the social security number of the judgment debtor.

82      In addition, the suggestion shall contain an allegation that:

83      1. The summons is based upon a judgment upon which a prior summons has been issued but not
84  fully satisfied; or

85      2. No summons has been issued upon his suggestion against the same judgment debtor within a
86  period of 18 months, other than under the provisions of subdivision 1; or

87      3. The summons is based upon a judgment granted against a debtor upon a debt due or made for
88  necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care
89  supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for
90  luxuries or nonessentials; or

91      4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful
92  loan made by an authorized lending institution; or

93      5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon
94  a lawful note; or

95      6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

96      Any judgment creditor who knowingly gives false information upon any such suggestion or
97  certificate made under this chapter shall be guilty of a Class 1 misdemeanor.

# VIRGINIA ACTS OF ASSEMBLY -- 2012 SESSION

## CHAPTER 127

*An Act to amend and reenact § 8.01-511 of the Code of Virginia, relating to previous garnishments; costs.*

[S 561]

Approved March 6, 2012

**Be it enacted by the General Assembly of Virginia:**
1. That § 8.01-511 of the Code of Virginia is amended and reenacted as follows:
   § 8.01-511. Institution of garnishment proceedings.
   On a suggestion by the judgment creditor that, by reason of the lien of his writ of fieri facias, there is a liability on any person other than the judgment debtor or that there is in the hands of some person in his capacity as personal representative of some decedent a sum of money to which a judgment debtor is or may be entitled as creditor or distributee of such decedent, upon which sum when determined such writ of fieri facias is a lien, a summons in the form prescribed by § 8.01-512.3 may (i) be sued out of the clerk's office of the court from which an execution on the judgment is issued so long as the judgment shall remain enforceable as provided in § 8.01-251, (ii) be sued out of the clerk's office to which an execution issued thereon has been returned as provided in § 16.1-99 against such person, or (iii) be sued out of the clerk's office from which an execution issued as provided in § 16.1-278.18. The summons and the notice and claim for exemption form required pursuant to § 8.01-512.4 shall be served on the garnishee, and shall be served on the judgment debtor promptly after service on the garnishee. Service on the judgment debtor and the garnishee shall be made pursuant to subdivision 1 or 2 of § 8.01-296. When making an application for garnishment, the judgment creditor shall set forth on the suggestion for summons in garnishment the last known address of the judgment debtor, and shall furnish the clerk, if service is to be made by the sheriff, or shall furnish any other person making service with an envelope, with first-class postage attached, addressed to such address. A copy of the summons and the notice and claim for exemptions form required under § 8.01-512.4 shall be sent by the clerk to the sheriff or provided by the judgment creditor to the person making service, with the process to be served. Promptly after service on the garnishee, the person making service shall mail such envelope by first-class mail to the judgment debtor at his last known address. If the person making service is unable to serve the judgment debtor pursuant to subdivision 1 of § 8.01-296, such mailing shall satisfy the mailing requirements of subdivision 2 b of § 8.01-296. The person making service shall note on his return the date of such mailing which, with the notation "copy mailed to judgment debtor," shall be sufficient proof of the mailing of such envelope with the required copy of the summons and the notice and claim for exemption form with no examination of such contents being required nor separate certification by the clerk or judgment creditor that the appropriate documents have been so inserted. If the person making service is unable to serve the judgment debtor pursuant to subdivision 1 or 2 of § 8.01-296, such mailing shall constitute service of process on the judgment debtor. The judgment creditor shall furnish the social security number of the judgment debtor to the clerk, except as hereinafter provided.
   The judgment creditor may require the judgment debtor to furnish his correct social security number by the use of interrogatories. However, use of such interrogatories shall not be a required condition of a judgment creditor's diligent good faith effort to secure the judgment debtor's social security number. Such remedy shall be in addition to all other lawful remedies available to the judgment creditor.
   Except as hereinafter provided, no summons shall be issued pursuant to this section from the garnishment of wages, salaries, commissions, or other earnings unless it: (i) is in the form prescribed by § 8.01-512.3; (ii) is directed to only one garnishee for the garnishment of only one judgment debtor; (iii) contains both the "TOTAL BALANCE DUE" and the social security number of the judgment debtor in the proper places as provided on the summons; and (iv) specifies that it is a garnishment against (a) the judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the judgment debtor. The garnishee shall not be liable to the judgment creditor for any property not specified in the summons as provided in (iv) above. Upon receipt of a summons not in compliance with this provision, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.
   However, if the judgment which the judgment creditor seeks to enforce (i) does not involve a business, trade or professional credit transaction entered into on or after January 1, 1984, or (ii) is based on any transaction entered into prior to January 1, 1984, then upon a representation by the judgment creditor, or his agent or attorney, that he has made a diligent good faith effort to secure the judgment debtor's social security number and has been unable to do so, the garnishment shall be issued without the necessity for such number. In such cases, if the judgment debtor's correct social security

2 of 2

number is not shown in the place provided on the summons, and the judgment debtor's name and address as shown on the garnishment summons do not match the name and current address of any employee as shown on the current payroll records of the garnishee, the garnishee shall file a written answer to that effect and shall have no liability to the judgment creditor, such summons being void upon transmission of the answer.

The judgment creditor shall, in the suggestion, specify the amount of interest, if any, that is claimed to be due upon the judgment, calculated to the return day of the summons. He shall also set out such credits as may have been made upon the judgment.

*All costs incurred by the judgment creditor after entry of the judgment, in aid of execution of the judgment and paid to a clerk of court, sheriff, or process server are chargeable against the judgment debtor, unless such costs are chargeable against the judgment creditor pursuant to § 8.01-475. Regardless of the actual amount of the fee paid by the judgment creditor, the fee for a process server chargeable against the judgment debtor shall not exceed the fee authorized for service by the sheriff. All such previous costs chargeable against the judgment debtor may be included by the judgment creditor as judgment costs in the garnishment summons form prescribed in § 8.01-512.3. This paragraph shall not be construed to limit any cost assessed by a court as part of the judgment.*

No summons shall be issued pursuant to this section at the suggestion of the judgment creditor or his assignee against the wages of a judgment debtor unless the judgment creditor, or his agent or attorney, shall allege in his suggestion that the judgment for which enforcement is sought either (i) involves a business, trade, or professional credit transaction entered into on or after January 1, 1984, or (ii) does not involve a business, trade, or professional credit transaction entered into on or after January 1, 1984, and a diligent good faith effort has been made by the judgment creditor, or his agent or attorney, to secure the social security number of the judgment debtor.

In addition, the suggestion shall contain an allegation that:

1. The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or

2. No summons has been issued upon his suggestion against the same judgment debtor within a period of 18 months, other than under the provisions of subdivision 1; or

3. The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or

4. The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution; or

5. The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note; or

6. The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

Any judgment creditor who knowingly gives false information upon any such suggestion or certificate made under this chapter shall be guilty of a Class 1 misdemeanor.

6

(SB561)

AMENDMENT(S) PROPOSED BY THE HOUSE

COURTS OF JUSTICE

    1. After line 99, engrossed

      insert

        2. That the provisions of this act shall apply to summonses issued on or after January 1, 2007.

**Legislative Information System**

(SB561)

AMENDMENT(S) REJECTED BY THE HOUSE

COURTS OF JUSTICE

    1. After line 99, engrossed

      insert

        **2. That the provisions of this act shall apply to summonses issued on or after January 1, 2007.**

**Legislative Information System**



| LIS Home | LIS Help | Privacy Statement | Live Help |

## Senate Courts of Justice

Log in    [go]

**Membership:** Norment (Chairman), Saslaw, Marsh, Howell, Lucas, Edwards, Puller, Obenshain, McDougle, McEachin, Stuart, Vogel, Stanley, Reeves, Garrett

**Meets:** *Monday, 8:00 a.m. and Wednesday, 1/2 hour after adjournment, Senate Room B*

Committee dockets

**Committee Legislation:**
- Referred
- In committee
- In sub-committee
- Reported out
- Continued
- Failed

**Sub-Committees:**

    (none)

*9*

**SB 561 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.**
**02/06/12  Senate: Reported from Courts of Justice with substitute (14-Y 0-N)**

YEAS--Saslaw, Marsh, Howell, Lucas, Edwards, Puller, Obenshain, McDougle, McEachin, Stuart, Vogel, Stanley, Reeves, Garrett--14.

NAYS--0.

ABSTENTIONS--0.

Legislative Information System | Bills & Resolutions

**SB 561 Garnishment, previous; allows costs incurred by judgment creditor are**          log in | tally sheet
**chargeable to judgment debtor.**
**floor: 02/07/12  Senate: Constitutional reading dispensed (40-Y 0-N)**

YEAS--Barker, Black, Blevins, Carrico, Colgan, Deeds, Ebbin, Edwards, Favola, Garrett, Hanger, Herring, Howell, Locke, Lucas, Marsden, Marsh, Martin, McDougle, McEachin, McWaters, Miller, J.C., Miller, Y.B., Newman, Norment, Northam, Obenshain, Petersen, Puckett, Puller, Reeves, Ruff, Saslaw, Smith, Stanley, Stosch, Stuart, Vogel, Wagner, Watkins--40.

NAYS--0.

RULE 36--0.

NOT VOTING--0.

**Legislative Information System | Bills & Resolutions**

Case 1:13-cv-00249-CMH-TCB   Document 7-10   Filed 06/07/13   Page 19 of 22 PageID# 137
LIS > Bill Tracking > > 2012 session                                                    Page 1 of 1

II

**SB 561 Garnishment, previous; allows costs incurred by judgment creditor are**     log in | tally sheet
**chargeable to judgment debtor.**
**floor: 02/09/12  Senate: Read third time and passed Senate (40-Y 0-N)**

YEAS--Barker, Black, Blevins, Carrico, Colgan, Deeds, Ebbin, Edwards, Favola, Garrett, Hanger, Herring, Howell, Locke, Lucas, Marsden, Marsh, Martin, McDougle, McEachin, McWaters, Miller, J.C., Miller, Y.B., Newman, Norment, Northam, Obenshain, Petersen, Puckett, Puller, Reeves, Ruff, Saslaw, Smith, Stanley, Stosch, Stuart, Vogel, Wagner, Watkins--40.

NAYS--0.

RULE 36--0.

NOT VOTING--0.

**Legislative Information System | Bills & Resolutions**

**Virginia General Assembly LEGISLATIVE INFORMATION SYSTEM**

| LIS Home | LIS Help | Privacy Statement | Live Help |

## House Courts of Justice

Log in    [go]

**Membership:** Albo (Chairman), Kilgore, Bell, Robert B., Cline, Iaquinto, Gilbert, Miller, Loupassi, Villanueva, Habeeb, Farrell, Minchew, Morris, Johnson, Watts, Toscano, Herring, McClellan

**Meets:** *Monday, Wednesday and Friday, 1/2 hour after adjournment, House Room C*

Committee dockets

**Committee Legislation:**
- Referred
- In committee
- In sub-committee
- Reported out
- Continued
- Failed

**Sub-Committees:**
- #1 Criminal
- #2 Civil
- #3 Immigration
- #4 Judicial Appointments
- #5 Mental Health
- #6 Evidence

Case 1:13-cv-00249-CMH-TCB   Document 7-10   Filed 06/07/13   Page 21 of 22 PageID# 139
LIS > Bill Tracking > > 2012 session                                               Page 1 of 1

13

**SB 561 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.**
**02/15/12  House: Reported from Courts of Justice with amendment (14-Y 4-N)**

YEAS--Albo, Kilgore, Bell, Robert B., Cline, Iaquinto, Gilbert, Miller, Loupassi, Villanueva, Habeeb, Farrell, Minchew, Morris, Johnson--14.

NAYS--Watts, Toscano, Herring, McClellan--4.

ABSTENTIONS--0.

NOT VOTING--0.

**Legislative Information System | Bills & Resolutions**

Case 1:13-cv-00249-CMH-TCB  Document 7-10  Filed 06/07/13  Page 22 of 22 PageID# 140
LIS > Bill Tracking > > 2012 session                                    Page 1 of 1

14

**SB 561 Garnishment, previous; allows costs incurred by judgment creditor are chargeable to judgment debtor.**

**floor: 02/20/12  House: VOTE: PASSAGE (98-Y 0-N)**

YEAS--Albo, Alexander, Anderson, BaCote, Bell, Richard P., Bell, Robert B., Brink, Bulova, Byron, Carr, Cole, Comstock, Cosgrove, Cox, J.A., Cox, M.K., Crockett-Stark, Dance, Dudenhefer, Edmunds, Englin, Fariss, Farrell, Filler-Corn, Garrett, Gilbert, Greason, Habeeb, Head, Helsel, Herring, Hodges, Hope, Howell, A.T., Hugo, Iaquinto, Ingram, James, Joannou, Johnson, Jones, Keam, Kilgore, Knight, Kory, Landes, LeMunyon, Lewis, Lingamfelter, Lopez, Loupassi, Marshall, D.W., Marshall, R.G., Massie, May, McClellan, McQuinn, Merricks, Miller, Minchew, Morefield, Morrissey, O'Bannon, O'Quinn, Orrock, Peace, Plum, Pogge, Poindexter, Purkey, Putney, Ramadan, Ransone, Robinson, Rush, Rust, Scott, E.T., Scott, J.M., Sherwood, Sickles, Spruill, Stolle, Surovell, Tata, Torian, Toscano, Tyler, Villanueva, Ward, Ware, O., Ware, R.L., Watson, Watts, Webert, Wilt, Wright, Yancey, Yost, Mr. Speaker--98.

NAYS--0.

ABSTENTIONS--0.

NOT VOTING--Cline, Morris--2.

**Legislative Information System | Bills & Resolutions**